HARPER LAW, PLC
JON V. HARPER (#1378)
P.O. Box 581468
Salt Lake City, UT 84158
Telephone:  801/910-4357
jharper@jonharperlaw.com

Local Counsel for [Proposed] Lead Plaintiff

[Additional counsel appear on signature page.]

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company, | ) ) ) | No. 2:20-cv-00368-CMR |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| CO-DIAGNOSTICS, INC., a Utah Corporation, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| FERNANDO HERNANDEZ, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 2:20-cv-00481-JNP-JCB |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| CO-DIAGNOSTICS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

BRIAN T. PETROS'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT

## MOTION

PLEASE TAKE NOTICE that Brian T. Petros hereby moves this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order consolidating the above-captioned related securities class actions, appointing Mr. Petros as Lead Plaintiff, and approving Mr. Petros's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel. This Motion is based upon the Memorandum of Law and Declaration of Jon V. Harper filed concurrently herewith.

Presently pending before this Court are two related securities class action lawsuits brought on behalf of public investors who purchased or otherwise acquired Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company") securities between February 25, 2020 and May 15, 2020 seeking to pursue remedies under §§10(b) and 20(a) the Securities Exchange Act of 1934 (the "1934 Act") against the Company and certain of its officers: (1) *Gelt Trading, Ltd. v. Co-Diagnostics, Inc.*, No. 2:20-cv-00368-CMR, filed on June 15, 2020; and (2) *Hernandez v. Co-Diagnostics, Inc.*, No. 2:20-cv-00481-JNP-JCB, filed on July 2, 2020 (the "Related Actions").[1]

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate here under Rule 42(a) because the Related Actions involve nearly identical questions of law and fact. Furthermore, in securities cases like this, the PSLRA requires district courts to appoint as lead plaintiff the member "of the purported

---

[1]    Like the *Hernandez* complaint, the *Gelt Trading* complaint originally asserted a class period between February 25, 2020 and May 15, 2020. On July 15, 2020, the *Gelt Trading* complaint was amended and asserted a shorter class period between April 30, 2020 and May 15, 2020. *See* ECF No. 14 at 8. For purposes of this Motion, the longest and most inclusive alleged class period is used – February 25, 2020 through May 15, 2020. *Ali v. Intel Corp.*, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) (recognizing that "'[f]or purposes of appointing a lead plaintiff, the longest class period governs'") (citation omitted).

- 1 -

plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Once the consolidation issue is resolved, "the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). Mr. Petros should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Petros's selection of Robbins Geller to serve as lead counsel should be approved because the firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

## MEMORANDUM OF LAW

### I. STATEMENT OF FACTS

According to the complaints in the Related Actions, due to Co-Diagnostics' purported expertise in DNA-based testing, the world's recent need for accurate Covid-19 testing presented Co-Diagnostics with a business opportunity. However, as the Related Actions allege, defendants made continual, knowing, and willful misstatements about their main product, a Covid-19 diagnostic test, to pump of the price of Co-Diagnostics' stock while the officers and directors exercised low priced options and dumped their stock into the market. For example, defendants allegedly made false statements to the market regarding the accuracy of Co-Diagnostics' Covid-19 tests, stating that the tests were 100% accurate – a claim that appeared to set Co-Diagnostics apart from its competitors.

On May 14, 2020, news outlets reported that Co-Diagnostics was reticent to participate in U.S.-based testing to verify its accuracy claims. As public reports casting doubt on Co-Diagnostics' claims of 100% accuracy began to circulate, the stock declined, closing at $22.13 per share that day.

Later that evening, in response to other drug companies' widely reported struggles with test accuracy, financial news services began reporting that the U.S. Food and Drug Administration ("FDA") had announced that no Covid-19 test was 100% accurate. The FDA's announcement undermined Co-Diagnostics' claims about its tests' 100% accuracy. On this news, Co-Diagnostics' stock price fell again the following trading day – further damaging investors.

## II.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The Court may consolidate related actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions each assert claims on behalf of purchasers of Co-Diagnostics securities for alleged violations of the 1934 Act during the Class Period. The claims, defendants, and factual allegations are virtually identical. Accordingly, the Related Actions should be consolidated. *See Scuderi v. Mammoth Energy Servs.*, No. CIV-19-522-SLP, 2019 WL 4397340, at *2 (W.D. Okla. Sept. 13, 2019).

### B.   Mr. Petros Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-

- 3 -

4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Petros meets these requirements and should be appointed Lead Plaintiff.

### 1.      Mr. Petros's Motion Is Timely

The notice published in connection with the filing of the Complaint on June 18, 2020, advised putative class members of the pendency of the action, the claims asserted, the relevant time period and the right to move the Court for appointment as lead plaintiff within 60 days, or by August 17, 2020. *See* Ex. A to the Declaration of Jon V. Harper in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Harper Decl."), filed concurrently herewith; 15 U.S.C. §78u-4(a)(3)(A). Because this Motion is being timely filed by the statutory deadline, Mr. Petros is entitled to be considered for appointment as lead plaintiff.

### 2.      Mr. Petros Possesses a Significant Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Petros purchased 8,300 shares of Co-Diagnostics securities and suffered over $75,400 in losses as a result of defendants' alleged misconduct. *See* Harper Decl., Exs. B, C. Thus, Mr. Petros has a significant financial interest in the relief sought by the class.

- 4 -

### 3.      Mr. Petros Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff stage, the Rule 23 considerations are generally limited to typicality and adequacy. *See In re NPS Pharm., Inc. Sec. Litig.*, 2006 WL 6627948, at *2 (D. Utah Nov. 17, 2006) (recognizing that only typicality and adequacy "are relevant to the consideration of motions for appointment as lead plaintiff").

"The typicality requirement is satisfied when 'the "injury and the conduct are sufficiently similar."'" *NPS Pharm*, 2006 WL 6627948, at *2 (quoting *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)) (citation omitted).  "'Furthermore, a difference in the factual situations of class members per se, does not defeat typicality under [R]ule 23(a)(3).'" *Id.* (citation omitted).  "'This is true as long as the claims of class representatives and other class members are based on the same legal or remedial theory.'" *Id.* (citation omitted).  Mr. Petros satisfies the typicality requirement here because, like other class members, he purchased Co-Diagnostics securities during the class period, the purchase price was inflated due to defendants' alleged false and misleading statements and Mr. Petros suffered damages as a result. *Id.*

"The adequacy standard" is met if there is "'an absence of potential conflict between the named plaintiffs and other class members'" and if counsel chosen by the representative party is "'"qualified, experienced and able to vigorously conduct the proposed litigation."'" *Id.* at *3 (citation omitted).  Mr. Petros meets this adequacy standard.  Mr. Petros has submitted with his motion a Certification and Declaration confirming his willingness and ability to serve as lead plaintiff. *See* Harper Decl., Exs. B, D.  Mr. Petros is a founder and an executive officer of a financial

- 5 -

services company, and has over 25 years of experience in the financial services industry as both a broker and financial advisor. *See id.*, Ex. D at ¶¶3, 5. Mr. Petros has experience in selecting and overseeing lawyers. *Id.* at ¶6. Moreover, Mr. Petros is not subject to unique defenses and is not aware of any conflicts between his claims and those asserted by the class. Finally, as further detailed below and in his Declaration, Mr. Petros conducted meaningful diligence and retained a highly competent, qualified, and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See id.* at ¶10.

Because Mr. Petros filed a timely motion, possesses a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy through the submission of a Certification and a Declaration, the Court should adopt the presumption that he is the most adequate plaintiff.

### C.     The Court Should Approve Mr. Petros's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Petros selected Robbins Geller as Lead Counsel.

Robbins Geller, a 200-attorney law firm with offices nationwide, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2] Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys

---

[2]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.  Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  The *Valeant* settlement, if approved, will be the ninth-largest securities fraud class action settlement ever and the largest such settlement obtained in the Third Circuit in nearly 20 years.  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is

Cases\4811-0480-8903.v1-8/17/20

The members of the class will receive the highest caliber of legal representation available from Robbins Geller. Accordingly, Mr. Petros's selection of counsel should be approved.

## III. CONCLUSION

The Related Actions should be consolidated because they common issues of law and fact. Additionally, Mr. Petros has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Petros respectfully requests that the Court consolidate the Related Actions, appoint him as lead plaintiff, and approve his selection of lead counsel.

DATED: August 17, 2020

Respectfully submitted,

HARPER LAW, PLC
JON V. HARPER (#1378)

s/ Jon V. Harper
JON V. HARPER

P.O. Box 581468
Salt Lake City, UT 84158
Telephone: 801/910-4357
jharper@jonharperlaw.com

Local Counsel for [Proposed] Lead Plaintiff

---

the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

- 9 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 17, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ JON V. HARPER
JON V. HARPER (#1378)

HARPER LAW, PLC
JON V. HARPER (#1378)
P.O. Box 581468
Salt Lake City, UT 84158

E-mail: jharper@jonharperlaw.com

Cases\4811-0480-8903.v1-8/17/20

# Mailing Information for a Case 2:20-cv-00368-CMR Gelt Trading v. Co-Diagnostics et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael C. Fasano**
  mfasano@fasanolawfirm.com

- **Michael A. Pineiro**
  mpineiro@mnrlawfirm.com

- **D. Loren Washburn**
  lwashburn@smithwashburn.com,ldschmidt@smithwashburn.com,mhernandez@smithwashburn.com,pmartinez@smithwashburn.com,info@smithwashburn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)