Melissa A. Fortunato
Marion Passmore
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
        passmore@bespc.com

Phillip Kim
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: pkim@rosenlegal.com

*Counsel for the Co-Diagnostics Investor Group
and Proposed Co-Lead Counsel for the Class*

Mark F. James (5295)
Mitchell A. Stephens (11775)
**JAMES DODGE RUSSELL & STEPHENS**
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Email: mjames@jdrslaw.com
        mstephens@jdrslaw.com

*Liaison Counsel for the Co-Diagnostics
Investor Group and Proposed Liaison
Counsel for the Class*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company, <br><br> *Plaintiff,* <br><br> v. <br><br> CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSEN, BRENT SATTERFIELD, <br><br> *Defendants.* | **MOTION OF THE CO-DIAGNOSTICS INVESTOR GROUP FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br><br> Case No. 2:20-cv-00368-CMR |

| | |
|---|---|
| FERNANDO HERNANDEZ, Individually and on Behalf of All Others Similarly Situated, <br><br>     *Plaintiff,* <br><br> v. <br><br> CO-DIAGNOSTICS, INC., DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, and BRENT SATTERFIELD, <br><br>     *Defendants.* | Case No. 2:20-cv-00481-JNP-JCB |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL SUMMARY .......................................................................................................2

ARGUMENT.......................................................................................................................3

I. CONSOLIDATION OF THE ACTION IS APPROPRIATE ...........................................3

II. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF ...........................4

    A. The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff..............4

    B. Movant Satisfies the Lead Plaintiff Provisions of the PSLRA...............................5

        1. Movant Has the Largest Financial Interest in the Relief Sought.................6

        2. Movant Meets Rule 23's Typicality and Adequacy Requirements.............7

III. MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED ................................10

CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Assad v. Digitalglobe, Inc.*,
C.A. No. 17-cv-01097-PAB-NYW, 2017 U.S. Dist. LEXIS 115952
(D. Colo. July 25, 2017)....................................................................................................4

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .........................................................................................6, 10

*Darwin v. Taylor*,
No. 12-cv-01038-CMA-CBS, 2012 U.S. Dist. LEXIS 152838 (D. Colo. Oct. 23, 2012)...........6

*Gen. Tel. Co. of the SW v. Falcon*,
457 U.S. 147 (1982) ............................................................................................................8

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................2

*In re Intelcom Grp., Inc. Sec. Litig.*,
169 F.R.D. 142 (D. Colo. 1996) ......................................................................................8, 9

*Lane v. Page*,
250 F.R.D. 634 (D.N.M. 2007)...........................................................................................7

*Lax v. First Merch. Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ....................................6

*Meyer v. Paradigm Med. Indus.*,
225 F.R.D. 678 (D. Utah 2004) .......................................................................................7, 8

*In re NPS Pharm., Inc.*,
No. 2:06-cv-00570-PCG-PMW, 2006 U.S. Dist. LEXIS 87231 (D. Utah Nov. 17, 2006).....6, 7

*In re Ribozyme Pharm. Sec. Litig.*,
192 F.R.D. 656, (D. Colo. 2000) ........................................................................................8

*Skaggs v. Level 3 Commc'ns, Inc.*,
C.A. No. 09-cv-00200-PAB-CBS, 2009 U.S. Dist. LEXIS 14226 (D. Colo. Feb. 24, 2009) .....4

*Wenderhold v. Cylink Corp.*,
188 F.R.D. 577 (N.D. Cal. 1999).........................................................................................5

**Statutes**

15 U.S.C. § 78j(b)................................................................................................................1

15 U.S.C. § 78t(a) ........................................................................1

15 U.S.C. § 78u-4 ................................................................passim

17 C.F.R. § 240.10b-5 ..................................................................2

**Rules**

Fed. R. Civ. P.
   Rule 42(a) ................................................................................4

Fed. R. Civ. P.
   Rule 23 ...........................................................................passim

## MOTION FOR RELIEF

**PLEASE TAKE NOTICE** that Tamara Shafer, Hal Ulucan, and Robert Volski (collectively, the "Co-Diagnostics Investor Group" or "Movant") will and hereby do respectfully move this Court for an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on behalf of a class consisting of all those, other than Defendants (defined below), who purchased or otherwise acquired Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company") securities between February 25, 2020 and May 15, 2020, both dates inclusive (the "Class Period")[1]; (3) approving Movant's selection of the law firm Bragar Eagel & Squire, P.C. ("BES") and The Rosen Law Firm, P.A. ("Rosen") as Co-Lead Counsel for the putative class, and James Dodge Russell & Stephens P.C. ("JDRS") as Liaison Counsel; and (4) granting such other and further relief as the Court may deem just and proper. This Motion is made on the grounds that Movant is the "most adequate plaintiff" pursuant to the PSLRA.

## PRELIMINARY STATEMENT

Presently pending before the Court are two related securities class action lawsuits (together, the "Action")[2] brought on behalf of a class consisting of all persons, other than Defendants, who purchased or otherwise acquired Co-Diagnostics securities during the Class Period (the "Class"). The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated

---

[1] See footnote 4 below.

[2] The actions pending in this Court are *Gelt Trading, Ltd. v. Co-Diagnostics, Inc., et al.*, Case No. 2:20-cv-00368-CMR, filed on June 15, 2020 (the "*Gelt Trading* Action"); *Hernandez v. Co-Diagnostics, Inc., et al.*, Case No. 2:20-cv-00481-JNP-JCB, filed on July 2, 2020 (the "*Hernandez* Action").

thereunder, 17 C.F.R. § 240.10b-5, against the Company and certain of its senior executives (the "Defendants").

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant who has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. Movant has lost $289,859.65 as a result of the alleged fraud during the Class Period.[3] Movant believes that it has the largest financial interest in the outcome of this Action. Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and in that it will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movant's Motion in its entirety.

### FACTUAL SUMMARY

Co-Diagnostics is a molecular diagnostics company, headquartered in Salt Lake City, Utah.[4] ¶¶ 24, 60. Co-Diagnostics was the first company in the world to receive regulatory clearance to sell its Covid-19 diagnostic tests in the European Community on February 24, 2020. ¶ 6. Then, on April 6, 2020, the Company announced that it had received emergency use authorization for its tests from the U.S. Food and Drug Administration (the "FDA"). *Id*. Throughout this time and

---

[3] Tamara Shafer, Hal Ulucan, and Robert Volski's PSLRA certifications identifying their transactions in Co-Diagnostics, as well as a chart identifying their losses, and a joint declaration executed by the movants evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the Declaration of Mitchell A. Stephens, dated August 17, 2020 ("Stephens Decl."), as Exhibits 1, 2, and 3, respectively.

[4] Citations to "¶ __" are to paragraphs in the *Gelt Trading* Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). ECF No. 1. On July 15, 2020, an amended complaint was filed in the *Gelt Trading* Action (ECF No. 14), which shortened the class period to a starting date of April 30, 2020. Movant adopts the longer Class Period because it is the "larger, most inclusive class period." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (finding the most inclusive class period proper in analyzing lead plaintiff motion).

thereafter, Defendants made unequivocal statements to the market that its Covid-19 tests were 100% accurate. ¶ 7. As a result, Co-Diagnostics was able to sign lucrative contracts with state governments in the U.S. and governments around the world. *Id*.

On May 14, 2020, news outlets reported that Co-Diagnostics was reticent to participate in U.S.-based testing to verify its accuracy claims. ¶ 10. As public reports casting doubt on Co-Diagnostics' claims of 100% accuracy began to circulate, the stock declined rapidly. ¶ 11. After markets closed that day, Co-Diagnostics issued an earnings report for the first quarter of 2020 and held a call where the Chief Executive Officer offered a glowing report on the Company's future prospects. ¶ 12. That same evening, financial news services began reporting that the FDA announced publicly that no Covid-19 test is 100% accurate undermining Co-Diagnostics' claims. ¶ 14.

During this time, Co-Diagnostics' directors and officers have been rapidly exercising stock options for pennies per share and immediately selling their shares into the market reaping millions of dollars from the fraud-inflated price of the stock. ¶ 16.

## ARGUMENT

### I. CONSOLIDATION OF THE ACTION IS APPROPRIATE

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-chapter] has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Assad v. Digitalglobe, Inc.*, C.A. No. 17-cv-01097-PAB-NYW, 2017 U.S. Dist. LEXIS 115952, at *5 (D. Colo. July 25,

3

2017). Consolidation is particularly appropriate in securities class action litigation. *Skaggs v. Level 3 Commc'ns, Inc.*, C.A. No. 09-cv-00200-PAB-CBS, 2009 U.S. Dist. LEXIS 14226, at *4-5 (D. Colo. Feb. 24, 2009) ("consolidation [of related PSLRA actions] is warranted based on the existence of common questions of law and fact"). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The actions here present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. The actions both name the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

## II. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A. The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that within 20 days after the date on which the first class action is filed, the plaintiff to that action shall publish, in a widely circulated national business publication or wire service, a notice advising members of the proposed class of the pendency of the action and their right to move for appointment as lead plaintiff within 60 days of the notice publication.

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable

of adequately representing the interests of class members." *Id.* The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999). The presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of its knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against it that Defendants could raise. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in this Action.

## B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the counsel for plaintiff in the *Gelt Trading* Action published notice of the action on June 18, 2020, within 20 days of the filing of the first-filed complaint, through *PRNewswire*, a widely circulated national business-oriented wire service. *See* Stephens Decl., Ex. 4. Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice. *See* 15 U.S.C. § 78u-

5

4(a)(3)(A)(i). Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 1. Movant Has the Largest Financial Interest in the Relief Sought

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial interest in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Stephens Decl., Ex. 2. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Within the Class Period, Movant purchased Co-Diagnostics securities in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. Movant has suffered substantial losses of $289,859.65 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged fraudulent statements. *See Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered); *see also* Stephens Decl., Ex. 2 (Loss Chart). Courts in this District and the Tenth Circuit have recognized that the most critical among the *Lax-Olsten* factors is the approximate loss suffered. *See, e.g.*, *Darwin v. Taylor*, C.A. No. 12-cv-01038-CMA-CBS, 2012 U.S. Dist. LEXIS 152838, at *8 (D. Colo. Oct. 23, 2012) ("[C]ourts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the action."); *In re NPS Pharm., Inc.*, No. 2:06-cv-00570-PGC-PMW, 2006 U.S. Dist. LEXIS 87231, at *6-7 (D. Utah Nov. 17, 2006) (same).

Movant has a significant financial interest in the outcome of this Action. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**2.      Movant Meets Rule 23's Typicality and Adequacy Requirements**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. A *prima facie* showing that a movant satisfies the requirements of Rule 23 is sufficient. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007).

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *NPS Pharm.*, 2006 U.S. Dist. LEXIS 87231, at *8-9 (citing *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004) ("For the purposes of a motion for appointment of lead plaintiff under Rule 23, it is proper to limit a court's inquiry into the final two prongs of Rule 23(a), typicality and adequacy.")).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

**(i)      Movant's Claims Are Typical of the Claims of the Class**

Under Rule 23 (a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the plaintiff has: (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. *See In re Ribozyme Pharm. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000). Rule 23 does not require the lead plaintiff to be identically situated with all class members. It is sufficient that the lead plaintiff's situation shares a common issue of law or fact. *In re Intelcom Grp. Inc. Sec. Litig.*, 169 F.R.D. 142, 148 (D. Colo. 1996). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the SW v. Falcon*, 457 U.S. 147, 157 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with, the claims of the other Class members. *Ribozyme*, 192 F.R.D. at 658-59; *Meyer*, 225 F.R.D. at 680. Movant, like the other members of the Class, acquired Co-Diagnostics securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses were a result of Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

**(ii)      Movant Is An Adequate Representative for the Class**

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." Adequate representation will be found if the representative has: (a) retained able and experienced counsel and (b) the representative has no fundamental conflicts of interest with the interests of the class as

8

a whole. *See Intelcom*, 169 F.R.D. at 149 (citation omitted). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B).

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. Not only is there no evidence of conflict between Movant's interests and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss it has incurred as a result of the wrongful conduct alleged therein. Indeed, the members of the Co-Diagnostics Investor Group have already taken steps which demonstrate that they both recognize and will protect the interests of the Class, including: (1) executing certifications detailing their Class Period transactions and expressing their willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; (3) committing to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy, among other things (*see* Stephens Decl., Ex. 3); and (4) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest amount of losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in

accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead this Action.

## III.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4. The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 733. Here, Movant has selected and retained BES and Rosen as the proposed Co-Lead Counsel for the Class.

As set forth in the accompanying firm résumés (Stephens Decl., Ex. 5 and 6), BES and Rosen are highly accomplished, and are currently acting as lead counsel in a number of federal securities actions and have achieved many multi-million-dollar recoveries for investors. The members of the firms have extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class.[5] Thus, this Court may be assured that in the event that the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

<u>**CONCLUSION**</u>

For all the foregoing reasons, Movant respectfully requests that the Court:  (1) consolidate the above-captioned actions; (2) appoint Movant as Lead Plaintiff on behalf the Class in the Action; (3) approve Movant's selection of Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

---

[5]  Additionally, JRDS has substantial experience litigating complex actions, including within this District, and is well qualified to represent the Class as Liaison Counsel.  *See* Stephens Decl., Ex. 7.

DATED this 17th day of August, 2020.

Respectfully submitted,


**JAMES DODGE RUSSELL & STEPHENS P.C.**

*/s/ Mitchell A. Stephens*
Mitchell A. Stephens
Mark F. James
*Liaison Counsel for the Co-Diagnostic Investor Group and Proposed Liaison Counsel for the Class*


**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato
Marion Passmore

*Counsel for the Co-Diagnostic Investor Group and Proposed Co-Lead Counsel for the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim

*Counsel for the Co-Diagnostic Investor Group and Proposed Co-Lead Counsel for the Class*