Brent R. Baker # 05247
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Email: bbaker@parsonsbehle.com
Ph: (801) 532-1234
Fax: (801) 536-6111

ecf@parsonsbehle.com

Richard W. Gonnello (*pro hac vice* forthcoming)
Katherine Lenahan (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Email: rgonnello@faruqilaw.com
Email: klenahan@faruqilaw.com
Ph: (212) 983-9330
Fax: (212) 983-9331

*Attorneys for [Proposed] Lead Plaintiff Tejeswar Tadi*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br>        Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSEN, BRENT SATTERFIELD,<br><br>        Defendants. | Case No. 2:20-cv-00368-CMR<br><br><u>CLASS ACTION</u><br><br>Magistrate Judge Cecilia M. Romero |

*[Caption continues on next page]*

| | |
|---|---|
| FERNANDO HERNANDEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>                    v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, and BRENT SATTERFIELD, | Case No. 2:20-cv-00481-JNP-JCB<br><br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

## MOTION OF TEJESWAR TADI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL

## TABLE OF CONTENTS

MOTION................................................................................................................................... 1

MEMORANDUM OF LAW ..................................................................................................... 1

PRELIMINARY STATEMENT ............................................................................................... 2

FACTUAL BACKGROUND.................................................................................................... 3

ARGUMENT............................................................................................................................. 4

I.      TADI IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS....... 4

      A.    The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff ............. 4

      B.    Under The PSLRA, Tadi Is Entitled To Be Appointed Lead Plaintiff...................... 5

            1.    Tadi Filed a Timely Motion......................................................................... 5

            2.    Tadi Has the Largest Financial Interest in the Relief Sought by the Class ............................................................................................................ 6

            3.    Tadi Meets Rule 23's Typicality and Adequacy Requirements ................. 7

II.     TADI'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL AND THE PARSONS FIRM AS LIAISON COUNSEL SHOULD BE APPROVED........................ 8

CONCLUSION.......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Baughman v. Pall Corp.*,
    250 F.R.D. 121 (E.D.N.Y. 2008) .................................................................................6

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014).......................................................................9

*In re Crocs, Inc. Sec. Litig.*,
    No. 07-CV-02351-REB- KLM,
    2008 WL 4298316 (D. Colo. Sept. 17, 2008) (unpublished)................................6, 7

*In re Gen. Elec. Sec. Litig.*,
    No. 09 CIV. 1951DC, 2009 WL 2259502 (S.D.N.Y. July 29, 2009) (unpublished)................6

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
    No. 11 Civ. 0917(BSJ)(JCF),
    2011 WL 2078010 (S.D.N.Y. May 19, 2011) (unpublished) ......................................8

*Meyer v. Paradigm Med. Indus.*,
    225 F.R.D 678 (D. Utah 2004) .................................................................................4

*In re NPS Pharm., Inc. Sec. Litig.*,
    No. 2:06-CV-00570-PGCPMW,
    2006 WL 6627948 (D. Utah Nov. 17, 2006) (unpublished).................................7, 8

*Topping v. Deloitte Touche Tohmatsu CPA*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015).......................................................................6

*Weinstein v. McClendon*,
    No. CIV-12-465-M, 2012 WL 2994291 (W.D. Okla. July 20, 2012) (unpublished)............4, 5

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(3).........................................................................................7

Rule 23(a)(4)........................................................................................................7

## MOTION

**PLEASE TAKE NOTICE** that on a date and time as may be set by the Court, Tejeswar Tadi ("Tadi") will respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for entry of an Order (1) appointing Tadi as Lead Plaintiff in the above-captioned class Actions;[1] and (2) approving Tadi's selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class as well as the Parsons Behle & Latimer professional law firm (the "Parsons Firm") as Liaison Counsel for the Class.

This motion is based on the Memorandum of Law set forth below in support hereof, the Declaration of Brent R. Baker ("Baker Declaration" or "Baker Decl.") and exhibits filed therewith, the pleadings and other filings herein, and such other written and oral argument as may be permitted by the Court.

## MEMORANDUM OF LAW

Tadi respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA in support of his motion for the entry of an order (1) appointing Tadi as Lead Plaintiff, and (2) approving Tadi's selection of the Faruqi Firm as Lead Counsel and the Parsons Firm as Liaison Counsel.[2]

---

[1]     The following actions were commenced in this District: (1) *Gelt Trading v. Co-Diagnostics, Inc., et al.*, No. 2:20-cv-00368-CMR (D. Utah) (the "*Gelt-Trading* Action"), which was filed on June 15, 2020, and; (2) *Hernandez v. Co-Diagnostics, Inc., et al.*, No. 2:20-cv-00481-JNP-JCB (D. Utah) (the "*Hernandez* Action"), which was filed on July 2, 2020.

[2]     Unless stated otherwise, the following conventions apply: (1) all internal citations and quotations are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Baker Declaration filed herewith.

1

## PRELIMINARY STATEMENT

The above-captioned securities class Actions presently pending in this District are brought on behalf of a putative class (the "Class") of persons or entities who purchased the securities of Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company") during the class period.

With respect to the appointment of a lead plaintiff to oversee the Actions, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the litigation" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $152,800.00, *inter alia*, Tadi, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Tadi also satisfies Rule 23's typicality and adequacy requirements. Tadi's claims are typical of the Class's claims because he suffered losses on his Co-Diagnostics investment as a result of the defendants' fraudulent scheme and false and misleading statements. Further, Tadi has no conflict with the Class and will adequately protect the Class's interests given his significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel. Accordingly, Tadi is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Tadi is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Tadi has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action

2

experience.  Likewise, the Parsons Firm is an appropriate selection to serve as Liaison Counsel because it is located in this District and is a highly experienced firm.

For the reasons summarized above and those explained more fully below, Tadi's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Co-Diagnostics is a Utah Corporation with offices in Salt Lake City, Utah.  *Gelt-Trading Action*, ECF No. 14 ("*Gelt-Trading* Compl.") at ¶ 24; *Hernandez* Action, ECF No. 2 ("*Hernandez* Compl.")  at ¶24.   Co-Diagnostics was formed to monetize the DNA-testing technology developed by Biomedical Engineering Ph.D. Brent Satterfield.  *Gelt-Trading* Compl. ¶ 39; *Hernandez* Compl. ¶ 28.

The Actions allege that the defendants engaged in a fraudulent scheme and made false and misleading statements concerning the accuracy of their Covid-19 diagnostic test to pump the Company's stock price while concurrently exercising their low-priced options and then dumping their stock into the market.  *See Gelt-Trading* Compl. ¶5; *Hernandez* Compl. ¶6.  This fraudulent conduct artificially inflated and maintained the market price of Co-Diagnostics securities and caused Lead Plaintiff and members of the Class to purchase Co-Diagnostics' publicly traded securities at artificially inflated prices.  *See Gelt-Trading* Compl. ¶ 30; *Hernandez* Compl. ¶ 85.

As public reports began casting doubt on the accuracy of the company's Covid-19 diagnostic test, the stock price fell from a daily high of $29.52 on May 14, 2020 to close at $17.07 per share on May 15, 2020.  *See Gelt-Trading* Compl. ¶¶ 70, 81-82; *Hernandez* Compl. ¶¶ 12, 70-71.

Through the Action, Tadi seeks to recover for himself and absent class members the substantial losses that were suffered as a result of the defendants' wrongdoing.

3

## ARGUMENT

### I.      TADI IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

####     A.      The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *Weinstein v. McClendon,* No. CIV-12-465-M, 2012 WL 2994291, at *1 (W.D. Okla. July 20, 2012) (unpublished) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Meyer v. Paradigm Med. Indus.*, 225 F.R.D 678, 680 (D. Utah 2004) (describing the PSLRA's three-step competitive process for determining the "most adequate plaintiff").

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class

4

member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B.      Under The PSLRA, Tadi Is Entitled To Be Appointed Lead Plaintiff**

As discussed below, Tadi should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Tadi holds the largest financial interest of any movant, and Tadi otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.      Tadi Filed a Timely Motion**

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Counsel for first-filed plaintiff Gelt-Trading, Ltd. published notice of the lead plaintiff deadline via *PR Newswire* on June 18, 2020.  *See* Ex. A; *Weinstein*, 2012 WL 2994291, at *1 (considering publication in *PR Newswire* to be an adequate means for meeting the PSLRA's statutory requirement that notice be published in a widely circulated business-oriented publication or wire service).  Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before August 17, 2020. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Thus, Tadi's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Tadi timely signed and submitted the requisite certification, identifying all of his relevant Co-Diagnostics transactions during the class period, and detailing Tadi's suitability to serve as Lead Plaintiff in this case.  *See* Ex. B.  The PSLRA's procedural requirements have therefore been met.

### 2.   Tadi Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the class period; (2) the number of net shares purchased by the movant during the class period; (3) the total net funds expended by the movant during the class period; and (4) the approximate losses suffered by the movant.  *See In re Crocs, Inc. Sec. Litig.,* No. 07-CV-02351-REB- KLM, 2008 WL 4298316, at *2 (D. Colo. Sept. 17, 2008) (unpublished) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant.  *See, e.g.*, *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008); *In re Gen. Elec. Sec. Litig.,* No. 09 CIV. 1951DC, 2009 WL 2259502, at *5 (S.D.N.Y. July 29, 2009) (unpublished); *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015).

Overall, during the class period, Tadi purchased 382 net and 382 total Co-Diagnostics call options, expended $152,800.00 in net funds and suffered out-of-pocket losses of $152,800.00, as he purchased call options on May 14, 2020 that expired worthless on May 15, 2020.  Tadi is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

6

### 3.   Tadi Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B).  When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See In re NPS Pharm., Inc. Sec. Litig.,* No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948, at *2 (D. Utah Nov. 17, 2006) (unpublished) ("Of [the] requirements [in Rule 23], only subsection (3) ('typicality') and subsection (4) ('adequacy') are relevant to the consideration of motions for appointment as lead plaintiff [under the PSLRA].").

Typicality is established where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  Typicality exists where the "injury and the conduct are sufficiently similar." *See Crocs*, 2008 WL 4298316, at *2. Although different plaintiffs may invoke different factual circumstances, typicality is present "as long as the claims of the class representatives and other class members are based upon the same legal or remedial theory." *See NPS Pharm*, 2006 WL 6627948, at *2 ("[A] difference in the factual situations of class members per se[] does not defeat typicality under Rule 23(a)(3).").

Tadi's claims are clearly typical of the Class's claims.  Tadi purchased Co-Diagnostics securities during the class period, suffered damages as a result of the defendants' fraudulent scheme and false and misleading statements, and possesses claims against Co-Diagnostics and certain of its officers under the federal securities laws.  Because the factual and legal bases of Tadi's claims are similar, if not identical, to those of the Class's claims, Tadi necessarily satisfies the typicality requirement. *See, e.g., NPS*, 2006 WL 6627948, at *2-3.

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class."  The requirement of adequacy is satisfied on

7

proof of: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced, and able to vigorously conduct the proposed litigation. *See NPS*, 2006 WL 6627948, at *3.

As evidenced by the representations in Tadi's certification, his interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 2 (S.D.N.Y. May 19, 2011) (unpublished) (movant's certification evidenced adequacy to serve as lead plaintiff).

Tadi selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. C. Additionally, the Parsons Firm is well qualified to represent the Class as Liaison Counsel. *See* Ex. D. Consequently, Tadi is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Tadi respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II.   TADI'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL AND THE PARSONS FIRM AS LIAISON COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Tadi has selected the Faruqi Firm to be Lead Counsel and the Parsons Firm as Liaison Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of

plaintiffs, including securities class actions.  *See* Ex. C.[3]  The Faruqi Firm is also currently litigating several prominent securities class actions.  *See, e.g.*, *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (D. Nev.) (appointed as sole lead counsel for the class); *Sharma v. Amarin Corp., plc*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Miranda v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class); *Malhotra v. Sonim Technologies, Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (appointed as sole lead counsel for the class).

Additionally, the Parsons Firm is located in and practices in this District and is well qualified to represent the Class as Liaison Counsel.

## CONCLUSION

For the foregoing reasons, Tadi respectfully requests that the Court (1) appoint Tadi as Lead Plaintiff; (2) approve his selection of the Faruqi Firm as Lead Counsel and the Parsons Firm as Liaison Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

---

[3]    *See also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995.  Faruqi & Faruqi achieved successful outcomes in many of these cases.").

Dated:  August 17, 2020                    Respectfully submitted,


By:      */s/ Brent R. Baker*

Brent R. Baker # 05247
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Ph.: (801) 532-1234
Fax: (801) 532-1234
E-mail: bbaker@parsonsbehle.com

*Attorneys for [Proposed] Lead Plaintiff Tejeswar
Tadi and [Proposed] Liaison Counsel for the
putative Class*


**FARUQI & FARUQI, LLP**

Richard W. Gonnello (*pro hac vice* forthcoming)
Katherine Lenahan (*pro hac vice* forthcoming)
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: rgonnello@faruqilaw.com
          klenahan@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Tejeswar
Tadi and [Proposed] Lead Counsel for the putative
Class*


10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served through the Court's CM/ECF Notification System, this 17th day of August 2020, on all counsel of record.

*/s/ Brent R. Baker*
Brent R. Baker

1

## EXHIBITS

Exhibit A          Notice of Pendency of Action

Exhibit B          Tadi's PSLRA Certification

Exhibit C          Firm Resume of Faruqi & Faruqi, LLP

Exhibit D          Firm Resume of Parsons Behle & Latimer

2