D. Loren Washburn (#10993)
lwashburn@smithwashburn.com
**SMITH WASHBURN, LLP**
8 East Broadway, Suite 320
Salt Lake City, UT 84111
Telephone:  (801) 584-1800
Facsimile:  (801) 584-1820

Michael A. Pineiro (*admitted pro hac vice*)
MARCUS NEIMAN RASHBAUM &
PINEIRO LLP
2 South Biscayne Blvd., Suite 1750
Miami, FL 33131
Telephone: (305) 400-4268
mpineiro@mnrlawfirm.com

Michael C. Fasano (*admitted pro hac vice*)
FASANO LAW FIRM, PLLC
2 S. Biscayne Blvd., Suite 1750
Miami, FL 33131
Telephone: (786) 530-5239
mfasano@fasanolaw.com

*Attorneys for Gelt Trading, Ltd. and Proposed Class*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, *et al*.,<br><br>Defendants. | Case No. 2:20-cv-00368-JNP-DBP<br><br>**GELT TRADING, LTD.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Judge Jill N. Parrish<br>Magistrate Dustin B. Pead |

Gelt Trading, Ltd. ("Gelt"), through its undersigned counsel, hereby submits its reply memorandum in support of its Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (D.E. 27), and in response to the oppositions to Gelt's motion submitted by Tamara Shafer, Hal Ulucan, and Robert Volski (collectively, the "Aggregate Plaintiffs") (D.E. 55), Tejeswar Tadi (D.E. 57), and Brian T. Petros (D.E. 60).

I.      INTRODUCTION

Gelt is by far the most adequate plaintiff to represent the class: it filed this case and exposed Co-Diagnostics' fraud, it suffered the largest loss claimed by a single investor due to Co-

Diagnostic's misrepresentations, and is managed by a professional fiduciary. The other movants who have applied to be lead plaintiff—including lawyer-driven aggregate plaintiffs, high volume traders, options holders, and others—are not appropriate for myriad reasons. And nothing stated in the oppositional submissions by competing movants has changed any of this.

The competing movants largely did not challenge Gelt's application, given that Gelt clearly satisfies the criteria for lead plaintiff. The lone argument advanced against Gelt pertains to its submission of its PSLRA sworn certification with the Amended Complaint, rather than with the original Complaint. As shown below, that argument is totally specious. The sworn certification that Gelt filed with its Amended Complaint is perfectly appropriate, complies with the PSLRA, and is no way a disqualifying defect. There is not one case saying otherwise.

Moreover, the competing movants have not refuted Gelt's arguments that each of their plaintiffs is insufficient to serve as lead plaintiff. *First*, the Aggregate Plaintiffs were clearly cobbled together as an eleventh-hour attempt by counsel to create a group of plaintiffs with the highest losses—contrary to the express purpose of the PSLRA to avoid "lawyer-driven" securities litigation. And even if the Court were to permit the group of unrelated investors to aggregate their losses, their claims are still not typical of the class because a significant portion of theirs losses were incurred *prior* to Co-Diagnostic's material misrepresentation about its Covid-19 tests. *Second*, Tadi—the options trader—has not made a sufficient showing regarding his net losses, which appear to be approximately $1,500, and he lacks typicality with the class because he purely purchased call options and did not own Co-Diagnostics' shares. And, *third*, Petros is not the most adequate plaintiff because he has a smaller financial interest than Gelt and is subject to unique defenses. *Last*, the remaining movants have a significantly smaller financial interest than Gelt.

Accordingly, this Court should appoint Gelt as lead plaintiff and approve their co-counsel of choice, in the best interest of the putative class.

////

## II.   ANALYSIS

### (a)   GELT'S CERTIFICATE SATISFIES THE REQUIREMENTS OF THE PSLRA

#### (1)   Gelt Satisfied the PSLRA Requirements by Filing Its Certificate with the Amended Complaint

Aggregate Plaintiffs and Petros claim Gelt cannot be lead plaintiff because it first filed its sworn PSLRA certification with its amended complaint. This is flat wrong. Under the PSLRA, a proposed lead plaintiff must file a sworn certification attesting to certain criteria to qualify as a lead plaintiff in a securities class action. *See* 15 U.S.C. § 78u-4(a)(2). Gelt initially filed this action June 15, 2020. The original complaint did not attach a sworn certification, but Gelt did not serve that complaint. Instead, on July 15th, under Fed. R. Civ. P. 15(a)(1), Gelt filed an amended complaint with a narrower class period (to more accurately capture the class affected by the fraudulent misrepresentations), and it attached a sworn certification to that pleading. (D.E. 14-1). Gelt's sworn certification was thus filed over a month *before* the August 17th deadline for the submission of motions for lead plaintiff in this action under the PSLRA.

Because the Amended Complaint is the operative pleading and it attaches a sworn PSLRA certification, there is no dispute that Gelt has complied with the PSLRA's certification requirement. *See* Fed. R. Civ. P. 15(c) (amendment of pleading relates back to date of original pleading); *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint supersedes the original complaint and renders the original complaint without legal effect"). *See also In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 567–68 (D. Md. 2001) (PSLRA certification filed after complaint was filed was an amendment under Fed. R. Civ. P. 15(a) that related back to original complaint and satisfied PSLRA); *Cooke v. Equal Energy Ltd.*, 2014 WL 3819159, at *2 (W.D. Okla. May 8, 2014) (finding that a "failure…to append the certification to [a] Complaint is not a fatal defect," and appointing lead plaintiff that submitted certification after complaint was filed but before the deadline for submission of motions for lead plaintiff under the PSLRA).

Indeed, the Aggregate Plaintiffs do *not* cite any cases disputing that a PSLRA certification, filed for the first time with an amended complaint, is improper or somehow disqualifying. That is

because no such case exists. To the contrary, Aggregate Plaintiffs attempt to manufacture an issue about Gelt's certification by citing to inapplicable case law where a proposed lead plaintiff failed to file certifications *at all* or by the deadline to file motions for appointment for lead plaintiff. (D.E. 55 at 10), *citing In re Cent. European Distrib. Corp. Secs. Litig.*, No. CIV.A. 11-6247 JBS, 2012 WL 5511711, *1 (D.N.J. Nov. 8, 2012) (rejecting that a subsidiary to a management company could rely on the managing company's certificate when seeking appointment as lead plaintiff 6 months after the deadline); *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 17, 2017) (moving plaintiff failed to submit a sworn declaration until after the 60-day deadline); *In re Enzymotec Ltd. Sec. Litig.*, No. CIV.A. 14-5556, 2015 WL 918535, at *2-3 (D.N.J. Mar. 3, 2015) (explaining that the certificate did not state that the signatory was authorized to sign on behalf of lead plaintiff). Those cases plainly do not apply here.

Moreover, even if this Court finds that Gelt erred by not filing the certification with its original complaint, Gelt's filing of the certification with the Amended Complaint cured any such defect. *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 410 (D. Minn. 1998) (allowing the presumptive lead plaintiffs to amend their certifications to correct technical deficiencies); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538–39 (S.D.N.Y. 2015) ("[M]inor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement."); *Kux–Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 478–79 (S.D.N.Y. 2016); *Vladimir v. Bioenvision*, Inc., No. 07 CIV. 6416SHSAJP, 2007 WL 4526532, at *9 (S.D.N.Y. Dec. 21, 2007) (finding that even if the certificate is defective, it could be cured); *Rao v. Quorum Health Corp.*, 221 F. Supp. 3d 987, 989 (M.D. Tenn. 2016) ("As the certification requirement in the PSLRA does not have a time limit, many courts have allowed lead plaintiff movants to amend their certifications if issues arose.") (collecting cases); *Carson v. Merrill Lynch, Pierce, Fenner & Smith Inc*., 1998 WL 34076402, at *6 (W.D. Ark. Mar. 30, 1998) (permitting the plaintiff that filed the complaint to amend the complaint, add a certification, and amend the notice to class members).

As a result, the Court should set aside this argument.

////

**(2)      Gelt Has No Burden to Certify Its Transactions Outside of Its Proposed Class Period And, Even If It Did, Gelt Made No Purchases of Sales of Co-Diagnostics' Stock Other Than Those Disclosed**

Aggregate Plaintiffs and Petros seek to impose a burden on Gelt that is found nowhere in the PSLRA: that Gelt needs to certify its stock transactions during a class period not specified in its operative complaint, but specified in the related action, *Hernandez v. Co-Diagnostics, Inc., et al.* This argument is without merit. The PSLRA requires "[e]ach plaintiff seeking to serve as a class representative" to "set[] forth all of the transactions of the plaintiff in the security that is the subject of the complaint *during the class period specified in the complaint*[.]" 15 U.S.C.A. § 78u-4(a)(2) (emphasis added). Gelt satisfied this requirement, since the applicable class period is set forth in Gelt's Amended Complaint, which is the operative complaint here. (D.E. 14-1 at ¶ 3(iv).). Moreover, Petros' argument is a moot point and actually bolsters Gelt's position: Gelt did not purchase Co-Diagnostics' stock before May 13, 2020. Gelt made its purchases and sales based on available market data after Co-Diagnostics' April 30, 2020, misrepresentations. As Gelt certified, it made a small gain on the stock on May 13, 2020, and then purchased a much higher volume of the stock on the morning of May 14, 2020, based on available market data, with the expectation that the data would not suddenly change, and in anticipation of an earnings call to occur at 4:30 p.m. at the end of that day. After third parties released data indicating that Co-Diagnostics was being untruthful about the quality of its Covid-19 tests, Gelt sold its shares as the stock price nearly halved in just a few hours, sliding to almost exactly half of its value by the next morning. Petros' attacks are not only irrelevant, but they highlight that Gelt is as typical a victim as the Court can hope to find in this litigation.

The only cases cited in support of this argument, which contradicts the plain text of the PSLRA, are two cases dealing with movants who failed to certify all transactions *within the class period*. In *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019), the court rejected a group of movants because they failed to provide information about their financial sophistication and background. *Boeing*, 2019 WL 6052399, at *5. In doing so, the court noted that the movants' transactions *during the class period* were peculiar and stated, in a footnote, that the

movants' certification did not include language indicating that the listed transactions were "all of the transactions of the plaintiff" as required under the PSLRA. *Id.* at *5, n.6. The court also noted that such a deficiency could be cured. *Id.*  Similarly, in *Williams v. Block.One*, 2020 WL 4505569 (S.D.N.Y. Aug. 4, 2020), the court clarified in a footnote that the class period began on the date of the initial public offering, and thus, the movants failed to account for their transactions within the class period. *Williams*, 2020 WL 4505569, at *1, n.8. Thus, neither case applies.

Moreover, if the Court consolidates this case with *Hernandez* and chooses the longer class period identified in *Hernandez*, Gelt can supplement its certificate to include any transactions under the longer class period, if any; however, this is a moot point as Gelt did not purchase the stock until May 13, 2020, and never purchased or sold the stock before that time. *Boeing*, 2019 WL 6052399, at *5, n.6.

**(b)   GELT AMENDED THE CLASS PERIOD BASED ON THE DATE CO-DIAGNOSTIC MADE MATERIAL MISREPRESENTATIONS**

Competing movant, Petros, attacks Gelt's decision to amend the class period, but no party has alleged any facts or material misrepresentations that occurred prior to Gelt's proposed class period. As explained in Gelt's Response (D.E. 59 at 4), Gelt amended the class period because Co-Diagnostics made material misrepresentations regarding its tests on April 30, 2020. While courts generally apply the most inclusive class period, courts have chosen a shorter class period where, as here, there are no facts supporting the longer class period. *Union Asset Mgmt. Holding AG v. Sandisk Corp.*, No. 15-CV-01455-VC, 2016 WL 406283, at *5 (N.D. Cal. Jan. 22, 2016) (finding a shorter class period "far more realistic" when there were no allegations of potentially actionable statements prior to that period); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) (refusing to blindly accept longer class period).

Petros' argument that Gelt amended the class period to "shrink the kingdom until [he is] king" is further undercut by the timing of Gelt's amendment. (D.E. 60 at 14.) Gelt amended the class period on July 15, 2020, ***over a month*** before it was aware of the competing movants' losses.

(c)     **AGGREGATE PLAINTIFFS ARE INADEQUATE**

The competing movants have failed to refute that they are inadequate lead plaintiffs and that Gelt is the most appropriate representative plaintiff on behalf of the putative class.

*First*, Aggregate Plaintiffs do not contest that they are a group of *unrelated* investors. (D.E. 55 at 5.) And in their Response, they do little to justify why the Court should deviate from the purpose of the PSLRA and appoint them as lead plaintiff. *In re Donnkenny, Inc. Sec. Litg.*, 171 F.R.D 156, 157-58 (S.D.N.Y 1997) ("[A]ggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff[,]" which is to prevent lawyer-driven litigation); *see also Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 683 (D. Utah 2004). Instead, Aggregate Plaintiffs rely exclusively on their boilerplate declaration as support for their contention that the three unrelated investors—who are spread out throughout the country and have never explained to the Court how they met—are willing and able to work together. But Aggregate Plaintiffs offer no explanation as to why their declaration is any different than the declaration rejected by the court in *In re Level 3 Commc'ns, Inc. Sec. Litig.*, No. 09-CV-00200-PAB-CBS, 2009 WL 10684924 (D. Colo. May 4, 2009). Specifically, the joint declaration still leaves open the questions of how the unrelated plaintiffs met and decided to pursue this litigation together, and it fails to articulate "actual mechanisms for cooperation, dispute resolution, or communication among the group members and counsel." *In re Level*, 2009 WL 10684924, at *4.

*Second*, if this Court permits the three unrelated investors to aggregate losses, the Aggregate Plaintiffs are still not the most adequate plaintiffs because they lack typicality. As addressed in Gelt's Response (D.E. 59 at 6–9), Volski's last trades were made a month prior to Co-Diagnostics' statement on April 30, 2020, that its tests were 100% accurate—which is the fraudulent misrepresentation at issue in this litigation. And Shafer also incurred trading losses before April 30, 2020. Indeed, even if this Court adopts the larger class period, all of Volski's and a portion of Shafer's losses were incurred prior to Co-Diagnostics' misrepresentations and corrective statements, and thus their claims are not typical of the class' claims. *In re Level*, 2009 WL 10684924, at *2 (citing to *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342, 125 S. Ct. 1627,

1631, 161 L. Ed. 2d 577 (2005)); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d at 434.

*Third,* the Aggregate Plaintiffs' argument that it should be appointed lead plaintiff because it has the member with the largest individual loss is belied by the dates of Volski's transactions. Volski's true losses during the class period are $0.

*Finally*, the Aggregate Plaintiffs have not addressed their inadequacy given that they were high-volume, in-and-out traders. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 40 (2d Cir. 2009) ("[I]n-and-out traders will [not] even conceivably be able to prove loss causation as a matter of law, and…therefore should not have been included in the certified class"). This is dispositive—and the Aggregate Plaintiffs' failure to address the issue is telling.

### (d)   TADI IS INADEQUATE

In Tadi's motion and response (D.E. 32 and D.E. 57), he completely fails to acknowledge and address issues of typicality arising from his purchase of call options. It is well-established that a movant who only trades in call options is not the most adequate lead plaintiff. *In re Elan Corp. Sec. Litig.*, 1:08-CV-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009); *Andrada v. Atherogenics, Inc.*, 05 CIV. 00061 (RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005); *Weikel v. Tower Semiconducter Ltd.*, 183 F.R.D. 377, 391 (D.N.J. 1998).

### (e)   PETROS IS INADEQUATE

Petros has a smaller financial interest than Gelt and is subject to unique defenses due to his involvement in a dispute involving investment recommendations. (D.E. 55 at 11–12); *see Kline v. Wolf*, 702 F.2d 400, 403 (2d Cir. 1983) (denying class representatives when they were vulnerable to serious attacks on their credibility).

### (f)   OTHER MOVANTS ARE INADEQUATE

Movants Jia and Wiley have a smaller financial interest than Gelt, and thus are not the most adequate plaintiffs.

////

////

## III.   CONCLUSION

For the foregoing reasons, Gelt Trading Ltd. should be appointed as the sole lead plaintiff in this action, and its co-counsel of choice should be named counsel for the putative class.

DATED: September 14, 2020          **SMITH WASHBURN, LLP**

                                                  /s/ D. Loren Washburn
                                          D. Loren Washburn

                                          Michael A. Pineiro (*admitted pro hac vice*)
                                          MARCUS NEIMAN RASHBAUM & PINEIRO LLP
                                          2 South Biscayne Blvd., Suite 1750
                                          Miami, FL 33131

                                          Michael C. Fasano (*admitted pro hac vice*)
                                          FASANO LAW FIRM, PLLC
                                          2 S. Biscayne Blvd., Suite 1750
                                          Miami, FL 33131

                                          *Attorneys for Gelt Trading, Ltd. and Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020, the foregoing **GELT TRADING, LTD.'S REPLY MEMORNADUM IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** was served on the person(s) named below via the Court's electronic filing system:

Brent R. Baker
PARSONS BEHLE & LATIMER
201 S MAIN ST STE 1800
PO BOX 45898
SALT LAKE CITY, UT 84145-0898
Email: bbaker@parsonsbehle.com

Katherine M. Lenahan
Richard W. Gonnello
FARQUI & FARUQI LLP
685 THIRD AVE. 26TH FLR
NEW YORK, NY 10017
Email: klenahan@faruqilaw.com
Email: rgonnello@faruqilaw.com

*Attorneys for Tejeswar Tadi*

Mark F. James
Mitchell A. Stephens
JAMES DODGE RUSSELL & STEPHENS PC
10 W BROADWAY STE 400
SALT LAKE CITY, UT 84101
Email: mjames@jdrslaw.com
Email: mstephens@jdrslaw.com

Marion C. Passmore
Melissa A. Fortunato
BRAGAR EAGEL & SQUIRE PC
580 CALIFORNIA ST STE 1200
SAN FRANCISCO, CA 94194
Email: passmore@bespc.com
Email: fortunato@bespc.com

*Attorneys for Co-Diagnostic Investor Group*

David W. Scofield
PETERS SCOFIELD
7430 CREEK RD STE 303
SALT LAKE CITY, UT 84093-6160
Email: dws@psplawyers.com

*Attorneys for Stephen Wiley*

Zachary J. Weyher
TRUE WEST
1716 S 900 E STE A
SALT LAKE CITY, UT 84105
Email: zachweyher@gmail.com

*Attorneys for Wei Jia*

Jon V. Harper
HARPER LAW PLC
PO BOX 581468
SALT LAKE CITY, UT 84158
Email: jharper@jonharperlaw.com

*Attorneys for Brian T. Petros*

/s/ Melina Hernandez