Brent R. Baker # 05247
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Email: bbaker@parsonsbehle.com
Email: ecf@parsonsbehle.com
Ph: (801) 532-1234
Fax: (801) 536-6111

Richard W. Gonnello (*pro hac vice*)
Katherine Lenahan (*pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Email: rgonnello@faruqilaw.com
Email: klenahan@faruqilaw.com
Ph: (212) 983-9330
Fax: (212) 983-9331

*Attorneys for [Proposed] Lead Plaintiff Tejeswar Tadi*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br>        Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSEN, BRENT SATTERFIELD,<br><br>        Defendants. | Case No. 2:20-cv-00368-CMR<br><br><u>CLASS ACTION</u><br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin P. Pead |

*[Caption continues on next page]*

| | |
|---|---|
| FERNANDO HERNANDEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>CO-DIAGNOSTICS, INC., DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, and BRENT SATTERFIELD, | Case No. 2:20-cv-00481-JNP-JCB<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

**REPLY IN FURTHER SUPPORT OF TEJESWAR TADI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ........................................................................................................................... 2

I.    TADI POSSESSES THE LARGEST FINANCIAL INTEREST OF ANY QUALIFIED
      MOVANT, SATISFIES THE RELEVANT RULE 23 REQUIREMENTS, AND IS
      ENTITLED TO BE APPOINTED LEAD PLAINTIFF ....................................................... 2

      A.    Tadi Possesses The Largest Financial Interest Notwithstanding His Call Option
            Purchases .......................................................................................................... 3

      B.    Tadi Is Adequate To Represent The Class And His Claims Are Typical
            Notwithstanding His Call Option Purchases ...................................................... 6

CONCLUSION ........................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Andrada v. Atherogenics, Inc.*,
   No. 05 CIV. 00061 (RJH), 2005 WL 912359 (S.D.N.Y. Apr. 19, 2005) (unpublished)...........8

*Applestein v. Medivation Inc*,
   No. C 10-00998 MHP, 2010 WL 3749406 (N.D. Cal. Sept. 20, 2010) (unpublished) .............8

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988)....................................................................................................................7

*In re BP, PLC Sec. Litig.*,
   758 F. Supp. 2d 428 (S.D. Tex. 2010) .......................................................................................4

*Bricklayers of W. Pennsylvania Pension Plan v. Hecla Min. Co.*,
   No. 2:12-CV-00042-BLW, 2012 WL 2872787 (D. Idaho July 12, 2012) (unpublished) .........5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .................................................................................................1, 4

*Cooke v. Equal Energy Ltd.*,
   No. CIV-14-0047-C, 2014 WL 3819159 (W.D. Okla. May 8, 2014) (unpublished) ................4

*In re Crocs, Inc. Sec. Litig.*,
   No. 07-CV-02351-PAB-KLM,
   2013 WL 4547404 (D. Colo. Aug. 28, 2013) (unpublished)......................................................9

*In re CTI Biopharma Corp. Sec. Litig.*,
   2016 WL 7805876 (W.D. Wash. Sept. 2, 2016) (unpublished)..................................................6

*Deutschman v. Beneficial Corp.*,
   132 F.R.D. 359 (D. Del. 1990) ..................................................................................................7

*Eichenholtz v. Verifone Holdings, Inc.*,
   No. C07-06140MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) (unpublished)................7

*In re Elan Corp. Sec. Litig.*,
   No. 1:08-CV-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) (unpublished)........8

*In re Fannie Mae Sec. Litig.*,
   355 F. Supp. 2d 261 (D.D.C. 2005).............................................................................................4

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012)................................................................................................3

*Hall v. Medicis Pharm. Corp.*,
No. CV08-1821PHX-GMS,
2009 WL 648626 (D. Ariz. Mar. 11, 2009) (unpublished)................................................6, 7, 8

*Halliburton Co. v. Erica P. John Fund, Inc.*,
573 U.S. 258, 134 S. Ct. 2398, 189 L. Ed. 2d 339 (2014).........................................................8

*Hevesi v. Citigroup Inc.*,
366 F.3d 70 (2d Cir. 2004)..........................................................................................................9

*Isaacs v. Musk*,
No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) (unpublished) ..........5

*In re LDK Solar Sec. Litig.*,
255 F.R.D. 519 (N.D. Cal. 2009)................................................................................................7

*Micholle v. Ophthotech Corp.*,
No. 17-CV-1758 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) (unpublished) ...........8

*N.J. Carpenters Health Fund v. Royal Bank of Scot. Group, PLC*,
709 F.3d 109 (2d Cir. 2013).......................................................................................................6

*Rougier v. Applied Optoelectronics, Inc.*,
No. 4:17-CV-02399, 2019 WL 6111303 (S.D. Tex. Nov. 13, 2019) ........................................8

*In re Scientific-Atlanta, Inc. Secs. Litig.*,
571 F. Supp. 2d 1315 (N.D. Ga. 2007) ......................................................................................7

*In re Stitch Fix, Inc. Sec. Litig.*,
393 F. Supp. 3d 833 (N.D. Cal. 2019) ........................................................................................8

*Tanne v. Autobytel, Inc.*,
226 F.R.D. 659 (C.D. Cal. 2005) ................................................................................................6

*Tsirekidze v. Syntax-Brillian Corp.*,
No. CV-07-2204-PHX-FJM, 2008 WL 942273 (D. Ariz. Apr. 7, 2008) (unpublished) ...........7

*Weikel v. Tower Semiconductor Ltd.*,
183 F.R.D. 377 (D.N.J. 1998).....................................................................................................8

*In re XM Satellite Radio Holdings Sec. Litig.*,
237 F.R.D. 13 (D.D.C. 2006)......................................................................................................5

**Statutes**

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ...........................................................................................2

**Other Authorities**

Fed. R. Evid. 801 ..............................................................................................................4

Investopedia, *Essential Option Trading Guide*.............................................................4

The Motley Fool, *Options: The Basics* .........................................................................2

Tejeswar Tadi ("Tadi") respectfully submits this reply in further support of his motion for appointment as Lead Plaintiff and approval of his selection of the Faruqi Firm as Lead Counsel and the Parsons Firm as Liaison Counsel.[1]

## PRELIMINARY STATEMENT

On August 17, 2020, six movants filed motions seeking appointment as Lead Plaintiff and approval of their respective selections of counsel as Lead Counsel: (1) a group consisting of three unrelated investors, Hal Ulucan, Tamara Shafer, and Robert Volski (collectively, the "Co-Diagnostics Investor Group"); (2) Tadi; (3) Gelt Trading, Ltd. ("Gelt"); (4) Brian T. Petros ("Petros"); (5) Wei Jia; and (6) Stephen Wiley.  Only the first four of these movants continue to seek Lead Plaintiff appointment.  *See* ECF Nos. 55-57, 59-61.  Given the PSLRA's sequential statutory process, the Court must first identify which movant possesses the largest financial interest in the litigation, and then determine whether that movant satisfies the remaining statutory requirements.  *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

The ***asserted*** financial stakes of each remaining movant are set forth in the table below:

| Movant | Total Losses |
|---|---|
| 1)  Co-Diagnostics Investor Group | $289,859.65 |
| A)  Hal Ulucan | $56,728.25 |
| B)  Tamara Shafer | $64,737.08 |
| C)  Robert Volski | $168,394.32 |
| 2)  Tejeswar Tadi | $152,800.00 |
| 3)  Gelt Trading, Ltd. | $117,740.00 |
| 4)  Brian T. Petros | $75,400.85 |

---

[1]    All defined terms not expressly defined herein were defined previously in the Memorandum of Law in Support of Tadi's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel and Liaison Counsel.  *See Gelt Trading* Action, ECF No. 32; *Hernandez* Action, ECF No. 11.  Unless stated otherwise, the following conventions apply: (1) all internal citations and quotations are omitted; (2) all emphases are added; and (3) citations to ECF Numbers refer to the *Gelt Trading* Action.

As Tadi explained previously, however, the Co-Diagnostics Investor Group has inflated its financial interest in such a manner that it is in fact Tadi who possesses the "largest financial interest in the relief sought by the class." *See* ECF No. 57 at 3-10; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).  Notwithstanding, Gelt and Petros mistakenly ***speculate*** that Tadi has misstated his financial interest and that Tadi is unsuitable to represent the class because the "securities" he purchased were call options rather than stock.  But Tadi has accurately stated his losses and neither Gelt nor Petros offers any ***evidence*** to the contrary.  Furthermore, courts have frequently appointed options investors to be the Lead Plaintiff when a class is expressly defined to include purchasers of "securities" and, in any event, the options investor as lead plaintiff can appoint a stock investor to be a class representative.

For the reasons stated previously and those stated herein, Tadi respectfully submits that his motion should be granted in its entirety.

## ARGUMENT

**I.   TADI POSSESSES THE LARGEST FINANCIAL INTEREST OF ANY QUALIFIED MOVANT, SATISFIES THE RELEVANT RULE 23 REQUIREMENTS, AND IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF**

Call options grant the purchaser the right to buy the underlying stock at a predetermined price (or "strike price") until expiry.  *See* The Motley Fool, *Options: The Basics*, https://www.fool.com/investing /options/options-the-basics.aspx.  The seller of the call option then has the obligation to sell to the buyer.  *Id.*  Like stock purchasers, call option buyers seek to make a profit "when the price of the underlying shares rises."  *Id.*  Here, Tadi lost $152,800.00 on 382 net and 382 total Co-Diagnostics call option contracts he purchased, which led him to expend net funds of $152,800.00, and to suffer losses of $152,800.00 when the true facts were revealed.  ECF No. 32 at 6.

### A.   Tadi Possesses The Largest Financial Interest Notwithstanding His Call Option Purchases

Although the Co-Diagnostics Group claims to have the largest financial interest in the litigation, they are only able to do so by: (1) improperly aggregating their individual losses; (2) inflating Volski's losses by including losses that are not attributable to Defendants' fraud; and (3) providing insufficient evidence to assess Ulucan's losses.  *See* ECF No. 57 at 3-9.[2]  When calculated correctly, Tadi possesses the largest individual financial interest in the Action, including a larger loss than any member of the Co-Diagnostics Investor Group.  *Id.*  This loss valuation is correct because, as Tadi confirms in his declaration, he suffered "substantial" losses of $152,800.00 in Co-Diagnostics securities.  *See* Tadi Decl. at ¶6.[3]  Indeed, Tadi has the largest losses of any movant in both class periods because he purchased all his Co-Diagnostics securities on May 14, 2020, one day before the corrective disclosure on May 15, 2020.  *See Gelt Action*, ECF No. 32-3 at 3*; Hernandez* Action, ECF No. 11-3 at 3.[4]

Nevertheless, both Petros and Gelt dispute this assertion.  Gelt, which has approximately $35,000 less in losses than Tadi, suggests that Tadi lost only $1,582.00.  *See* ECF No. 59 at 8-9 (presumably calculated by multiplying the $4.00 option price by the 382 options).  This

---

[2]   Both Gelt and Petros pointed out similar flaws.  *See generally* ECF Nos. 59, 60.  Gelt also pointed out that Tamara Shafer overstated her losses by including losses she incurred prior to the May 14, 2020 corrective disclosure.  *See* ECF No. 59 at 5.  Petros noted that all of the members of the Co-Diagnostic Groups were "in and out" day traders and that Hal Ulucan's trades fell outside the prices at which Co-Diagnostics stock traded on nine occasions.  *See* ECF No. 60 at 3-5.

[3]   All references to "Tadi Decl." are to the Declaration of Tejeswar Tadi in Support of His Motion for Appointment as Lead Plaintiff and Approval of Lead And Liaison Counsel, filed herewith.

[4]   Consistent with the fact that courts typically adopt the longest class period asserted when appointing a lead plaintiff, *see e.g.*, *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012), Tadi has adopted the longer class period from February 25, 2020 through May 15, 2020.  *See* ECF No. 32-3 at 3.  Petros' concern that Tadi "may have a net gain in the longer period[,]" ECF No. 60 at 2 n.2, is thus unfounded.

argument fails, however, because it ignores that each call option contract represents the right to purchase 100 shares of stock and therefore "***you must multiply the contract premium by 100 to get the total amount*** you'll have to spend to buy the call."  *See* Investopedia, *Essential Option Trading Guide*, https://www.investopedia.com/options-basics-tutorial-4583012.  This fundamental misunderstanding of options trading and belated attempt to narrow the class definition in order to gain control of the case demonstrates Gelt's inadequacy to represent a class that Gelt itself defined to include Co-Diagnostics "securities" and not just stock.  *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) (discouraging plaintiffs from "manipulating" the class so that they have the largest financial interest).[5]

Petros, who has approximately $77,000 less in out-of-pocket losses than Tadi, suggests that the Court should discount Tadi's out-of-pocket losses because Tadi invested in call options. *See* ECF No 60 at 6-7 (***speculating*** that Tadi's losses should equal one-third of the entire purchase price of his call option contracts).  But, aside from unsworn inadmissible attorney hearsay, Fed. R. Evid. 801, Petros provides ***no evidence*** justifying this discount or any explanation for how he arrived at his calculation.  *See In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D.D.C. 2005) (rejecting challenge to presumptive lead plaintiff because the challenger offered "no proof" and their arguments were "too speculative and hypothetical to rebut the presumption"); *Cooke v. Equal Energy Ltd.*, No. CIV-14-0047-C, 2014 WL 3819159, at *3 (W.D. Okla. May 8, 2014) (unpublished) (rejecting challenge to presumptive lead

---

[5]  Gelt's argument that the Court "has discretion to weigh other factors [like Tadi's age] when determining the best lead plaintiff" is an incorrect assertion of the law.  ECF No. 59 at 9. "While the words 'most capable' [in the PSLRA] seem to suggest that the district court will engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class, the statute defines the term much more narrowly: The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."  *See Cavanaugh*, 306 F.3d at 729.

plaintiff because challenger's "speculation and conjecture. . .failed to meet his burden in overcoming the presumption"); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 19 (D.D.C. 2006)  (rejecting challenge to presumptive lead plaintiff because challenger's "unsubstantiated concerns. . . .hardly rise to the level of proof that the presumptive lead plaintiff will not fairly and adequately represent the interests of the class.").

Instead, Petros merely cites two cases that are factually and materially distinguishable.  In *Bricklayers of W. Pennsylvania Pension Plan v. Hecla Min. Co.*, No. 2:12-CV-00042-BLW, 2012 WL 2872787, at *4 (D. Idaho July 12, 2012) (unpublished), the court determined that the investor's option losses were one-third of its purchase price on the basis of a ***highly technical expert report*** concerning the specific trading pattern and options at issue in the case, which demonstrated that the investor's "loss approximation is too high because it is not realistically related to what the movant is likely to be able to recover."  Next, in *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 WL 6182753, at *3-*4 (N.D. Cal. Nov. 27, 2018) (unpublished), the court found that the valuation of the losses stemming from the investor's call option purchase was "uncertain" because the court found that the investor did not rely on the misstatement connected to the purchase at issue.  The court noted, however, that losses stemming from the purchase of call options could otherwise generally be proven so long as they were "causally related" to the alleged fraud.  *Id.* at *4.

Here, there is no question that Tadi's losses were casually related to the alleged fraud because Tadi purchased his options when the company's securities prices were inflated, and these same options expired shortly after the corrective disclosures.  Petros has failed to submit any sort of evidence—***let alone a Daubert-proof expert report***—showing that Tadi will be unable to recover his full losses.

Accordingly, Tadi's loss calculations are accurate and confirm that he possesses the largest financial interest in the relief sought by the class.

**B.     Tadi Is Adequate To Represent The Class And His Claims Are Typical Notwithstanding His Call Option Purchases**

Gelt and Petros object to Tadi's appointment as lead plaintiff because Tadi invested in Co-Diagnostics call option contracts.  These objections are without merit.

Procedurally, these objections are untimely, as Gelt could have excluded options investors from the class in its initial complaint, ECF No. 2, or its amended complaint, ECF No. 14.  Moreover, both Gelt and Petros failed to object to the class definitions in their opening lead plaintiff motion.  *See* ECF Nos. 27, 29.

Substantively, these objections fail because courts routinely hold that a lead plaintiff need not have standing for all claims asserted by the class.  *See, e.g.*, *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 669 (C.D. Cal. 2005) ("[N]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action."); *In re CTI Biopharma Corp. Sec. Litig.*, 2016 WL 7805876, at *3-4 (W.D. Wash. Sept. 2, 2016) (unpublished) ("Even assuming, however, that DAFNA cannot pursue Exchange Act claims due to lack of standing, that does not preclude [it] from serving as lead plaintiff.").  ***Like other class members***, Tadi suffered losses on his class period transactions when the true facts were revealed.  *See* ECF No. 32 at 6-8.  He is therefore a suitable Class representative.

Indeed, a putative class representative may bring "claims based on securities in which it had not invested so long as all of the relevant claims implicated the same set of concerns."  *N.J. Carpenters Health Fund v. Royal Bank of Scot. Group, PLC*, 709 F.3d 109, 128 (2d Cir. 2013).  As such, "***many courts have appointed options traders as lead plaintiffs to represent the interests of common stockholders***."  *Hall v. Medicis Pharm. Corp.*, No. CV08-1821PHX-

6

GMS, 2009 WL 648626, at *4 (D. Ariz. Mar. 11, 2009) (unpublished) (collecting cases).[6] Thus, the fact that Tadi purchased call options does not automatically render him atypical or inadequate to represent the Class. *See id.* (appointing options investor lead plaintiff because there were "no defenses applicable to the common stock holders that are not also applicable to the options holders[.]"); *In re Scientific-Atlanta, Inc. Secs. Litig.*, 571 F. Supp. 2d 1315, 1332-33 (N.D. Ga. 2007) (appointing options investor class representative after concluding that the investor "has every incentive to vigorously prosecute its claims in this case, and as such, it interests are entirely aligned with those of the other class members"); *In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 533 (N.D. Cal. 2009) (certifying class led by an options trader and rejecting argument that the investor was atypical).

The critical question concerning whether an options investor is typical of the class that also includes stock investors is whether the investor can invoke the fraud-on-the-market presumption. This presumption "is based on the hypothesis that, in an open and developed securities market, the price of a company's stock is determined by the available material information regarding the company and its business." *Basic Inc. v. Levinson*, 485 U.S. 224, 241 (1988). "[B]oth call option purchasers and stock purchasers hope to profit from an increase in the market price of the underlying security" and "the premium, or price of the option contract is directly responsive to the market price of the underlying security and to information affecting that price." *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 371 (D. Del. 1990).

---

[6] Of course, that is not to say that all options investors are always adequate and typical of the Class they seek to represent, in the same way that not all common stock purchasers are always adequate and typical. For example, courts have found certain common stock purchasers atypical because the investor engaged in high-volume day-trading. *See, e.g.*, *Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140MHP, 2008 WL 3925289, at *11 (N.D. Cal. Aug. 22, 2008) (unpublished); *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (unpublished) (same).

To demonstrate the presumption of reliance,  a plaintiff only needs to show "(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded the stock between the time the misrepresentations were made and when the truth was revealed." *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268–69, 134 S. Ct. 2398, 2408, 189 L. Ed. 2d 339 (2014); *see also Rougier v. Applied Optoelectronics, Inc.*, No. 4:17-CV-02399, 2019 WL 6111303, at *11 (S.D. Tex. Nov. 13, 2019), *report and recommendation adopted,* No. 4:17-CV-2399, 2019 WL 7020349 (S.D. Tex. Dec. 20, 2019) (applying the *Halliburton* test to a class that included options investors).  As no other movant has even attempted to "sever[] the link" of reliance by showing, for example, that Tadi would have purchased his call options "even had he been aware that the stock's price was tainted by fraud[,]" *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 at 268–69, Tadi can unquestionably invoke this presumption because the Co-Diagnostics securities traded in an efficient market and—***like other class members***—he suffered losses on his Class Period transactions when Defendants' fraud was revealed.  Tadi is therefore a typical representative of the Class.[7]

Moreover, no other movant "adduced [] evidence specific to [Tadi] suggesting that the nature of his options, the history of their purchase and sale, or some other factor made him inadequate to represent the class[.]" *See Hall v. Medicis Pharm. Corp.*, 2009 WL 648626, at *4.

---

[7]     Gelt and Petros cite to many non-binding decisions in which courts summarily disqualify options investors without considering the actual nature of this presumption. *See In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019); *Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (unpublished); *In re Elan Corp. Sec. Litig.*, No. 1:08-CV-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (unpublished); *Applestein v. Medivation Inc*, No. C 10-00998 MHP, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010) (unpublished); *Andrada v. Atherogenics, Inc.*, No. 05 CIV. 00061 (RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) (unpublished); *Weikel v. Tower Semiconductor Ltd.*, 183 F.R.D. 377, 392 (D.N.J. 1998).

8

Gelt's argument that Tadi used "artificial intelligence or trading algorithms" to execute his trades, ECF No. 59 at n.23, is false. *See* Tadi Decl. at ¶3. Tadi manually invested in Co-Diagnostics call options via his TD Ameritrade account on May 14, 2020 in anticipation of Co-Diagnostics' forthcoming publication of its quarterly earnings report. *Id.* And Petros' argument that Tadi is atypical because he made a "highly risky bet" that Co-Diagnostics stock would rise 8% in one day, *see* ECF No. 60 at 7, fails because Tadi invested in Co-Diagnostics call options on May 14, 2020 in anticipation of the Company's earnings report for the quarterly period ending March 31, 2020—***the first to discuss its Covid-19 tests***—later that same day. *See* Tadi Decl. at ¶3. All investors purchasing company securities at this time made a similarly risky decision. In fact, Petros bought that same day, ECF No. 30-2 at 3, and would himself be unable to satisfy Rule 23's requirements were that the law. Thus, Tadi's determination that the stock price would appreciate nearly 8% on news from the Company does not render him atypical.

Finally, even if the Court is hesitant to appoint an options investor as lead plaintiff, Tadi submits that he is willing to appoint as a class representative a class member who purchased common stock and suffered damages, such as a member of the Co-Diagnostics Investor Group. *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004) (noting that "the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class."); *In re Crocs, Inc. Sec. Litig.*, No. 07-CV-02351-PAB-KLM, 2013 WL 4547404, at *7 (D. Colo. Aug. 28, 2013) (unpublished) (similar).

## CONCLUSION

Because Tadi possesses the largest financial interest of any qualified movant in the Actions, and he has made an evidentiary showing that he satisfies the typicality and adequacy

9

requirements of Rule 23, Tadi respectfully requests that his Motion For Appointment As Lead Plaintiff And Approval Of His Selection Of Lead And Liaison Counsel be granted in its entirety.

Dated:  September 14, 2020                Respectfully submitted,


                                         By:    */s/ Richard W. Gonnello*


                                         **FARUQI & FARUQI, LLP**

                                         Richard W. Gonnello (*pro hac vice*)
                                         Katherine Lenahan (*pro hac vice*)
                                         685 Third Avenue, 26th Floor
                                         New York, NY 10017
                                         Ph: (212) 983-9330
                                         Fx: (212) 983-9331
                                         E-mail: rgonnello@faruqilaw.com
                                                   klenahan@faruqilaw.com

                                         *Attorneys for [Proposed] Lead Plaintiff Tejeswar Tadi and [Proposed] Lead Counsel for the putative Class*


                                         Brent R. Baker # 05247
                                         **PARSONS BEHLE & LATIMER**
                                         201 South Main Street, Suite 1800
                                         Salt Lake City, Utah 84111
                                         Ph.: (801) 532-1234
                                         Fax: (801) 532-1234
                                         E-mail: bbaker@parsonsbehle.com

                                         *Attorneys for [Proposed] Lead Plaintiff Tejeswar Tadi and [Proposed] Liaison Counsel for the putative Class*

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served through the Court's CM/ECF Notification System, this 14th day of September 2020, on all counsel of record.

*/s/ Richard W. Gonnello*
Richard W. Gonnello

1