# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, BRENT SATTERFIELD,<br><br>Defendants. | Case. No. 2.20-cv-00368-CMR |

## COMPOSITE DECLARATION OF CO-LEAD COUNSEL IN SUPPORT OF MOTION FOR CLASS CERTIFICATION PURUSUANT TO FED. R. CIV. P. 23

We, the undersigned, being first duly sworn, do hereby state under oath and under penalty of perjury that the following facts are true:

1.     D. Loren Washburn is over the age of 18. Washburn has personal knowledge of the facts stated herein and, if called as a witness, could testify competently hereto.

2.     At the time of filing this action, Washburn was a managing member of Smith Washburn, LLP. Washburn now works for Armstrong Teasdale, LLP. Washburn is an attorney licensed to practice in Utah, California, Nevada, and Massachusetts. Washburn is counsel for Gelt Trading, Ltd.

3.     Washburn has significant experience in class, securities, and large-scale fraud actions. Beginning in 2005, Washburn was a federal prosecutor in the District of Utah and had responsibility for prosecuting securities fraud cases. Among criminal cases Washburn prosecuted

was *United States v. Flood*, 2:07-cr-00485-DB. That cased involved complex accounting fraud and market manipulation through false statements.

4.      Since entering private practice, Washburn has been counsel in numerous securities fraud cases, including:

> a. *Rosenberg v. Pedersen*, 2:12-cv-01216-EJF (D. Utah), and related cases, which involved class and derivative claims arising from an allegation that the defendants failed to disclose material information to the public resulting in losses more than $10,000,000.
>
> b. *Sec v. Scoville*, Case No. 2:16-cv-00832-JNP (D. Utah), and related cases. Washburn represented the lead defendant who was accused of running a Ponzi scheme. Litigation involved complex issues including the extraterritoriality of Rule 10b-5 in civil cases, which Washburn argued on appeal to the Tenth Circuit.
>
> c. *SEC v. Shapiro*, Case No. 17-cv-24624 (S.D. Fla): Washburn represented paramount financial, a feeder fund that was accused of funneling tens of millions of dollars into the Woodbridge Ponzi Scheme. The SEC sought millions of dollars in damages.
>
> d. *Signal Peak Ventures II, LLC v. Sunkara*, Case No. 200900636 filed in Third District Court. That case involves violations of the Utah Securities Act that are analogs of Rule 10b-5, which is at issue here.

5.      Washburn has also been appointed by Chief Judge Shelby to serve as lead class counsel in cases in the District of Utah, including a civil rights lawsuit, *Gordon et al v. Jordan School District et al.*, 2:17-cv-00677-HCN-DBP.

6.      Washburn is familiar with the legal and logistical issues involved in this matter and is prepared and able to serve as class counsel.

7.      Michael C. Fasano is over the age of 18.  Fasano has personal knowledge of the facts stated here in and, if called as a witness, could testify competently thereto.

8.      Michael Fasano is the managing member of the law firm Fasano Law Firm, PLLC. Fasano is an attorney licensed to practice law in the State of Florida and the District of Columbia. Fasano has been admitted *pro hac vice* as counsel for Gelt Trading, Ltd. in this case. *See* D.E. 18.

9. Fasano has significant experience in class, securities, and large-scale fraud actions.

10. Fasano acted as counsel to W Holding Company, Inc. in the securities class action matter of *Hildenbrand v. W Holding Company*, D. Puerto Rico Case No. 2007-CV-01886-JAG-SCC. Fasano has also successfully litigated class actions around the United State such as *Dean v. Renaissance Power and Gas*, D. Massachusetts Case No. 19-cv-10473-LTS and *Secure v. Orangetheory Fitness, LLC*, S.D. Florida Case No. 18-CV-20483-FAM. Additionally, Fasano has represented clients in investigations and litigation with the United States Government in the areas of securities, banking, and healthcare fraud.

11. Fasano is familiar with the legal and logistical issues involved in this matter and is prepared and able to serve as class counsel.

12. Michael Pineiro ("Pineiro") is over the age of 18. Pineiro has personal knowledge of the facts stated herein and, if called as a witness, could testify competently thereto.

13. Pineiro is a partner at the law firm Marcus Neiman Rashbaum and Pineiro, LLP. Pineiro is an attorney licensed to practice law in the State of Florida, he has been admitted *pro hac vice* as counsel for Gelt Trading, Ltd. in this case. *See* D.E. 17.

14. Pineiro and his firm Marcus Neiman Rashbaum and Pineiro, LLP, has substantial experience in significant securities and fraud-related litigation. Below is a list of recent securities actions where Marcus Neiman Rashbaum and Pineiro, LLP has participated as lead counsel or co-counsel:

> a. *SEC v. George Levin*, Case No. 12-CV-21917 (S.D. Fla.): The firm was lead counsel for George Levin, who owned and controlled a "feeder fund" that invested in a $1 billion Ponzi Scheme. The SEC sued Levin for securities fraud and sought more than $100 million in penalties and other relief.
>
> b. *SEC v. Carl Ruderman*, Case No. 18-cv-61991 (S.D. Fla.): The firm was lead counsel for Carl Ruderman, who was the founder and CEO of a fund that raised

over $200 million. The SEC sued Ruderman for securities fraud and sought over $100 million in penalties and other relief.

c. *Foster v. Carl Ruderman*, Case No. 18-1438-RBR (S.D. Fla. Bkr.): the firm was lead counsel for Carl Ruderman in defending a securities class action seeking recessionary damages in excess of $200 million.

d. *SEC v. Shapiro*, Case No. 17-cv-24624 (S.D. Fla.): The firm was lead counsel for Relief Defendant Jeri Shapiro, who was sued in connection with an SEC enforcement action against Woodbridge Group.

15.    Pineiro is familiar with the legal and logistical issues involved in this matter and is prepared and able to serve as class counsel.

16.    Co-Lead counsel understand that as a class counsel, they must act on behalf of the class members in directing the litigation. The undersigned counsel and their firms are willing to continue serving as co-lead counsel until the action is fully adjudicated. The undersigned counsel and their firms understand that they have had and will continue to have the responsibility of prosecuting the case vigorously and in the interest of all class members equally.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on: October 17, 2022

_____
D. LOREN WASHBURN

_____
MICHAEL C. FASANO

_____
MICHAEL A. PINEIRO