# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br>Plaintiff,<br>v.<br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, BRENT SATTERFIELD,<br>Defendants. | Case No. 2:20-cv-00368-CMR |

REBUTTAL REPORT OF
DR. ADAM WERNER
December 23, 2022

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................1

II.  CONCLUSIONS..........................................................................................................2

III. CRITIQUE OF THE WEI DECLARATION .............................................................3

    A.   A Lack of Statistical Significance Proves Nothing...................................................4

    B.   All Statistical Evidence, Considered Holistically, Supports a Conclusion of Price Impact.......................................................................................................6

    C.   Dr. Wei Failed to Consider the May 14th Trading Halts in Her Price Impact Analysis ...................................................................................................7

    D.   Intraday Evidence of Price Impact on May 14, 2020 .............................................8

IV.  LIMITING FACTORS AND OTHER ASSUMPTIONS......................................................9

I, Adam Werner, declare and state, under penalty of perjury, that the following is true and correct to the best of my knowledge, information, and belief. If called to testify, I could and would testify competently to the following facts.

## I.    INTRODUCTION

1.    In my declaration dated October 17, 2022 ("October Declaration" or "Werner Declaration"), I examined factors that are generally accepted by courts as indicative of efficiency of the market in which a security trades. Based on my analysis of the factors, I concluded that the common stock of Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company") traded in an efficient market during the period from April 30, 2020, through May 15, 2020, inclusive (the "Class Period").[1]

2.    In my October Report, I showed that each of the *Cammer* and *Krogman* factors supports a finding that the Co-Diagnostics stock traded in an efficient market throughout the Class Period.[2] I further demonstrated, through event study analysis, that Co-Diagnostics stock reacted promptly to new, Company-specific information as it entered the market.[3] Reacting promptly to new material information is indicative of efficiency of the markets in which securities are traded.

3.    In addition, I explained that a common damages methodology, consistent with Lead Plaintiff's theory of liability, can be applied to compute Section 10(b) damages for all

---

[1] Werner Declaration, Section III.

[2] Werner Declaration, ¶8 and Section V.

[3] Werner Declaration, ¶¶41-66.

1

investors who purchased Co-Diagnostics stock during the Class Period, and I described that methodology.[4]

4.   Subsequently, I was asked by co-counsel for the Lead Plaintiff, Loren Washburn of Armstrong Teasdale LLP, Michael Pineiro of Marcus Neiman Rashbaum & Pineiro LLP, and Michael Fasano of Fasano Law Firm PLLC, to consider and evaluate the arguments and conclusions in the declaration of Dr. Ran Wei, dated November 21, 2022 (the "Wei Declaration").

5.   The documents I reviewed and relied upon in the course of this engagement that are in addition to those cited in my October Report are listed in Exhibit-2. My credentials and compensation are presented in my October Report. My full Vitae including testimony that I have provided since my October Report is attached as Exhibit-1 to this report.

6.   I understand that as an expert witness in this proceeding, my duty in providing my report is to the Court and that this duty overrides any obligation to the parties who have engaged me, from whom I have received instructions or compensation. I confirm that I have complied with this duty.

## II.   CONCLUSIONS

(i)    The Wei Report does not contest that Co-Diagnostics stock traded in an efficient market. Thus, there is no reason to change my opinion that Co-Diagnostics stock traded in an efficient market during the Class Period.

(ii)   Dr. Wei has failed to establish that the alleged misrepresentations and omissions had no price impact on Co-Diagnostics' share price. While Dr. Wei dedicates her report towards the lack of statistical significance on May 14, 2020, she is silent on the fact that Co-Diagnostic stock exhibited statistically significance price responses to the allegation-related developments on May 1, 2020 and May 15, 2020. The statistical significant price movements in Co-Diagnostics stock on May 1, 2020 and May 15, 2020 are evidence of price impact.

---

[4] Werner Declaration, Section VI.A.

(iii)    Dr. Wei ignores the intraday price movement of Co-Diagnostics' shares on May 14, 2020 which clearly show price impact of the news on that day affecting Co-Diagnostics' share price.

## III.   CRITIQUE OF THE WEI DECLARATION

7.    In my October Report, I showed that each of the *Cammer* and *Krogman* factors supports a finding that the Co-Diagnostics stock traded in an efficient market throughout the Class Period. Dr. Wei did not perform an independent evaluation of the efficiency of the market for Co-Diagnostics stock for the Class Period. She does not dispute my analysis of the five *Cammer* or the three *Krogman* factors. In fact, Dr. Wei "assume(s) that Co-Diagnostics common stock traded in an efficient market during the purported Class Period and accept(s) the results of Dr. Werner's event study model."[5]

8.    Dr. Wei does not dispute that allegation-related information was released to the market on both May 1, 2020 (during trading) and May 14, 2020 (after the close of trading).[6] Nor does Dr. Wei dispute that the Co-Diagnostics residual stock price returns on May 1, 2020 and May 15, 2020 (the effective date of the news), were statistically significant at the 95% confidence level. Dr. Wei also agrees that, in event study analysis, a statistically significant price return following an information event proves that information, rather than random volatility alone, caused the stock price reaction.[7]

9.    Dr. Wei also does not dispute that damages for investors who have Section 10(b) claims can be measured using the common damages methodology described in the Werner Report.

---

[5] Wei Report, ¶14.

[6] Wei Report, ¶16.

[7] Wei Report, ¶¶26-27.

10. In short, Dr. Wei does not levy any criticism towards any analysis I performed or the opinions that I offered. Instead, Dr. Wei focused almost the entirety of her report on the observation that there was also allegation-related information disclosed on May 14, 2020 and that this information did not, by itself, cause a statistically significant price reaction over the course of the day.[8] Dr. Wei errs, however, in then concluding that this is evidence that the Plaintiff's allegations caused no price impact. The lack of statistical significance on May 14, 2020 cannot prove or disprove price impact. When considered in conjunction with all available price impact analyses, i.e. the price reactions to the allegation-related information on May 1st and May 15th, the evidence in favor of price impact far outweighs the indeterminate result of May 14th.

11. Dr. Wei's price impact arguments also leaves out crucial developments on May 14, 2020 that undermine her conclusions. Specifically, Dr. Wei did not consider the multiple trading halts that occurred on May 14th which would have prevented investors from trading on the allegation-related information. Dr. Wei cannot assume that a lack of economic materiality of the news on May 14th was the underlying reason for the lack of statistical significance on this day given the trading halts that took place. That Co-Diagnostics stock did react to similar allegation-related information on days without trading halts, May 1st and May 15th, proves the allegation-related information to be economically material absent the trading halts.

**A.    A Lack of Statistical Significance Proves Nothing**

12. While a stock price reaction that is statistically significant at the 95% confidence level is compelling proof of price impact, it is possible for new Company-specific information to

---

[8] Wei Report, ¶16.

impact the Co-Diagnostics stock price without eliciting a price response so large as to be statistically significant at the 95% confidence level. Statistical significance generally proves price impact, but lack of statistical significance does not prove there was no price impact.[9]

13.    A statistically significant price reaction proves that information, rather than random volatility, caused a stock price to move. Statistical significance allows the researcher to rule out random volatility as the cause of a price movement. If a price movement is not statistically significant, one cannot rule out random volatility, but neither can one rule out that information was the cause of the price movement or at least a contributing factor.

14.    Failing to prove a proposition does not disprove the proposition or prove the opposite of the proposition to be true. Believing otherwise is an example of the "evidence of absence fallacy," which conflates absence of evidence with evidence of absence.

> We should emphasize that if the null hypothesis [$H_0$] is not rejected, based on the sample data, we cannot say that the null hypothesis is true. To put it another way, failing to reject the null hypothesis does not prove that $H_0$ is true, it means we have failed to disprove $H_0$.[10]

---

[9] See, e.g., "When a study with low power fails to show a significant effect, the results may therefore be more fairly described as inconclusive than negative. The proof is weak because power is low." ("Reference Guide on Statistics," by David H. Kaye and David A. Freeman, *Reference Manual on Scientific Evidence*, 3rd Edition, 2011, p. 254); and "First, [a single firm event study] often has low statistical 'power' to detect an economically meaningful price impact, which typically must be at least approximately twice as large as the standard deviation of daily (abnormal) returns for the examined firm. But requiring conventional levels of statistical significance when power is low effectively gives a 'free pass' to economically meaningful securities fraud because the [single firm event study] simply cannot detect price impacts below a high threshold. Courts, ignoring low power, then conclude that some economically large price impacts are immaterial. Courts err because of their mistaken premise that statistical insignificance indicates the probable absence of a price impact." ("Event Studies in Securities Litigation: Low Power, Confounding Effects, and Bias," by Alon Brav and J.B. Heaton, *Washington University Law Review*, 2015, pp. 586-87).

[10] *Statistical Techniques in Business and Economics*, by Robert D. Mason et al., 10th Edition, Irwin/McGraw-Hill, 1999, p. 307.

15.    Here, the null hypothesis for each event date is that the price movement following the corrective disclosure was caused only by random volatility. The alternative hypothesis is that random volatility can be ruled out as the cause of the stock price movement and that information therefore caused the observed price decline. For large price movements (large enough to be over the threshold of statistical significance), the null hypothesis can be rejected in favor of the alternative hypothesis. That is, a large price movement would prove that information and not random volatility caused the observed price movement. For more modest price movements, the null hypothesis cannot be rejected, but that finding does not prove the null hypothesis to be true – namely, that the price movement was indeed caused solely by random volatility and that the Company disclosure had no price impact. Pursuant to fundamental principles of statistics, the non-significance of the negative return on May 14, 2020, does not prove that the corrective disclosures had no price impact.

**B.    All Statistical Evidence, Considered Holistically, Supports a Conclusion of Price Impact**

16.    Dr. Wei does not contest or challenge that Co-Diagnostics stock did react statistically significantly to allegation-related information on May 1, 2020 and on May 15, 2020. By extension, Dr. Wei does not challenge that these results are evidence of price impact. When the available statistical evidence considered in totality (i.e. the evidence of price impact on May 1st, the evidence of price impact on May 15th, and the indeterminate result of Dr. Wei's study on May 14th), the evidence heavily points to the conclusion that the allegation-related information did impact the price of Co-Diagnostic stock during the Class Period.

### C. Dr. Wei Failed to Consider the May 14th Trading Halts in Her Price Impact Analysis

17.    While Dr. Wei recognizes that there was some allegation-related information was disclosed on May 14, 2020, her assessment of news was not complete. Nowhere in her report does Dr. Wei even consider the trading halts that took place on May 14, 2020.

18.    After the release of the May 14 Trading Day Disclosures, at 1:25 PM, Co-Diagnostic stock was halted for trading "due to volatility"[11] and did not resume trading until 1:30 PM.[12] Shortly after the trading halt, beginning at 1:38 PM,[13] short seller Hindenburg issued a series of tweets on the social media platform Twitter claiming that the quality of Co-Diagnostics' COVID-19 testing was "rated one of the worst" and that the Company was a "third-tier" option compared to its competitors.[14] Trading in Co-Diagnostics stock was again halted at 1:48 PM,[15] and did not resume trading again until 1:58 PM.[16]

19.    According the FINRA, trading halts are often imposed as a response to major economic developments and "generally, the more likely the announcement is to affect the stock price—positively or negatively—the more likely the exchange is to call for a trading halt pending dissemination of the news by the company."[17] That the trading halts occurred immediately after the release of the allegation-related information proves the allegation-

---

[11] "*Co-Diagnostics Inc. (CODX) Paused due to volatility," *Dow Jones Newswires*, May 14, 2020, 1:25 PM.

[12] "*Co-Diagnostics Inc. (CODX) Resumed Trading*," *Dow Jones Newswires*, May 14, 2020, 1:30 PM.

[13]  https://twitter.com/HindenburgRes/status/1260987928064536583?ref_src=twsrc%5Etfw

[14] https://seekingalpha.com/news/3574617-co-diagnostics-reverses-rally-after-hindenburg-short-call

[15] "*Co-Diagnostics Inc. (CODX) Paused due to volatility," *Dow Jones Newswires*, May 14, 2020, 1:48 PM.

[16] "*Co-Diagnostics Inc. (CODX) Resumed Trading*," *Dow Jones Newswires*, May 14, 2020, 1:58 PM.

[17] https://www.finra.org/investors/investing/investment-products/stocks/trading-halts-delays-suspensions

related information to be economically material and important. This undermines Dr. Wei's conclusion that "the alleged corrective information in the May 14 Trading Day Disclosures did not demonstrably alter the total mix of publicly available information on May 14, 2020."[18] If anything, the lack of statistical significance on May 14, 2020 was caused by market participant's protracted digestion of the news, itself induced by trading halts, the impact of which can be readily observed on May 15, 2020. Indeed, FINRA states that trading halts are "designed to allow prompt and full dissemination of the news to the market place at large."[19]

20. Given the density of disclosures that took place on May 14, 2020 and the fact that trading was halted in Co-Diagnostic stock to allow investors more time to digest these disclosures, the non-significance of the May 14th price reaction is not surprising. To observe the price impact of the May 14, 2020 disclosures, one can readily observe the price impact on the following day, May 15, 2020.

**D.     Intraday Evidence of Price Impact on May 14, 2020**

21. While Dr. Wei suggests that random volatility could have been the cause of the -5.67% logarithmic return on May 14, 2020,[20] a closer examination of the intra-day price behavior on May 14, 2020 rejects the random volatility explanation. As shown in Figure-1 below, Co-Diagnostics stock experienced a sharp decline towards the end of trading day on May 14, 2020. Specifically, from just prior to the first trading halt at 1:24 PM, Co-Diagnostics stock was trading at $26.99 per share according to pricing data obtained from Bloomberg.

---

[18] Wei Report, ¶16.

[19] https://www.finra.org/investors/investing/investment-products/stocks/trading-halts-delays-suspensions

[20] Wei Report, ¶27.

By the end of the second trading halt at 1:58 PM, Co-Diagnostics stock price had fallen to $18.61 per share, a logarithmic decline of 37.18%. This sharp and protracted intra-day price movement does not reflect what one would observe if random volatility was the driver of Co-Diagnostic stock price movements on May 14, 2020. Rather, the price behavior reflects price movement in response to negative information. This pattern of intraday price decline on May 14, 2020 is additional evidence of price impact.

**Figure-1: Co-Diagnostics Stock Intraday Prices: May 14, 2020**



## IV.    LIMITING FACTORS AND OTHER ASSUMPTIONS

22.    My analyses and opinions are based on the information available as of the date of this declaration. Should any additional data or information become available subsequent to the submission of this declaration, I reserve the right to supplement or amend this declaration based on this new information.

Dated:    December 23, 2022

Adam Werner, PhD
Affiliated Expert,
Crowninshield Financial Research

9

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

## EDUCATION

1998        Northwestern University, Kellogg Graduate School of Management
            Ph.D. in Finance

1992        Oberlin College
            B.A. in Economics

## TEACHING EXPERIENCE

2014 – Present        Cal Poly San Luis Obispo
                      Orfalea College of Business
                      San Luis Obispo, CA
                      Lecturer in Economics

## BUSINESS EXPERIENCE

2015 – Present        Crowninshield Financial Research

2018 – 2021          Pismo Beach Planning Commission

2009 – 2015          Gnarus Advisors/Berkeley Economic Consulting

2008 – 2009          LitiNomics

2004 – 2008          CRA International

2000 – 2003          National Economic Research Associates, Inc.

1998 – 2000          Cornerstone Research

1992 – 1993          Federal Reserve Bank

## PAPERS AND PUBLICATIONS

"The Impact of Underwriter Reputation on Equity Offering: An Empirical Study." Thesis, 1999.

"The Long-Run Performance of Underwriters and its Impact on Seasoned Equity Offerings." 1999.

"Dynamic Measures of Underwriter Reputation: A Study of IPO's." 1999.

"CAFE Economics: A Note on the Limits and Effectiveness of Fuel Economy Regulation." With Stephen Sheppard, 1992.

10

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

"Trading Models Underestimate Securities Class Damages." with Narinder Walia, Law360, 2019.

"More 'Dark Pools" Deepen Litigation Issues." Law360, 2013.

"Recent Trends in Securities Class Action Litigation: Will Enron and Sarbanes-Oxley Change the Tides." with Elaine Buckberg, Todd Foster and Ronald Miller, 2003.

"The Effects of the PSLRA and Subsequent Events on Securities Litigation." With Fred Dunbar and Todd Foster, prepared for the New York City Bar Association, 2003.

"The Energy Tax: Who Pays?" joint with Mark Schweitzer, in Federal Reserve Bank of Cleveland's Economic Commentary, 1993.

## PRESENTATIONS

"Cause or Effect: Are Settlement Statistics Driving Down Settlements?" Presentation to Robbins Geller Rudman & Dowd, LLP in San Diego, CA on October 10, 2013, Wolf Popper, LLP in New York, NY on September 18, 2013, Abraham, Fruchter & Twersky, LLP in New York, NY on September 17, 2013, Robbins Geller Rudman & Dowd, LLP in Melville, NY on September 11, 2013, Entwistle & Cappucci, LLP in New York, NY on September 10, 2013, and Faruqi & Faruqi, LLP in New York, NY on September 10, 2013.

"The Economics of Securities Litigation." Sidley & Austin in Los Angeles, CA on March 14, 2007.

"The Global Cost of Capital." Panel discussion on valuing assets in foreign countries at the University of Texas School of Law VALCON conference in Las Vegas on February 8, 2007.

"Economic Damages in Securities Fraud Matters." NERA Luncheon Seminars with Alan Cox given at the Fifth Avenue Suites Hotel in Portland, OR on November 19, 2002 and at the W Hotel in Seattle, WA on November 20, 2002.

"Shareholder Class Actions: Calculation of Damages." Presentation to Skadden, Arps, Slate, Meagher & Flom, LLP in San Francisco, CA on October 30, 2002, Marsh FINPRO in San Francisco, CA on September 18, 2002, Marsh Risk & Insurance Services in San Diego, CA on September 17, 2002 and Marsh FINPRO in Los Angeles, CA on September 13, 2002.

"Capital Formation: Class Action Litigation and Prevention." Speech and panel discussion focusing on securities class action litigation, which sometimes arise from

11

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

initial public offerings and/or market volatility in the aftermarket. Presented at the 2002 CALBIO Summit in San Diego, CA on April 23, 2002.

"Shareholder Class Actions after the NASDAQ Bubble." Speech given to the Securities Litigation Sub-Committee of the Colorado Bar Association at Holland & Hart, LLP in Denver, CO on April 17, 2002.

"Trends in Litigation: How Claims and Losses Are Valued." Speech at the American Bankers Association Insurance Risk Management Annual Conference in San Diego, CA on February 4, 2002.

"Recent Trends in Securities Litigation." "Basic Economic Analysis in Securities Class Action" and "Challenging the Efficient Market Assumption in Securities Class Action Matters." presented to Cooley Godward in San Diego, CA on November 28, 2001. "Recent Trends in Securities Litigation." presentation with Marcia Mayer given at Howard, Rice, Nemerovski, Canady, Falk & Rabkin in San Francisco, CA on November 27, 2001.

"Recent Trends in Securities Litigation." presentation given to Marsh USA in Denver, CO on November 8, 2001, and Thelen, Reid & Priest in Los Angeles, CA on November 6, 2001.

"Financial Economics in Litigation." speech presented to Simpson, Thacher & Bartlett in Palo Alto, CA on July 31, 2001, Baker & McKenzie in San Diego, CA on July 18, 2001, Brobeck, Phleger & Harrison in San Francisco, CA on June 25, 2001 and to Latham & Watkins in San Francisco, CA on June 26, 2001.

"Economic Analysis in Securities Fraud Cases." Speech with Alan Cox delivered to Morrison & Forester, San Francisco, CA on July 25, 2001.

"Recent Trends: Shareholder Class Actions Five Years After the PSLRA." speech presented to Shearman & Sterling in San Francisco, CA on May 23, 2001, O'Melveny & Myers in Los Angeles, CA on May 30, 2001 and Gray, Cary, Ware & Freidenrich in San Diego, CA on June 6, 2001.

## EXPERT REPORTS AND TESTIMONY

*Gelt Trading LTD. v. Co-Diagnostics, Inc., et al*. Issued a declaration (2022) on market efficiency in a securities class action. (District of Utah, Central Division).

*6D Global Technologies, Inc. Securities Litigation*. Issued a declaration (2022) on loss causation and damages in a securities class action. (Southern District of New York).

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

*In Re: NIO, Inc. Securities Litigation.* Issued a declaration (2022) and provided deposition testimony (2022) on market efficiency in a securities class action. (Eastern District of New York).

*Securities and Exchange Commission v. Bradley C. Davis.* Issued a report (2021), a rebuttal report (2021), provided deposition testimony (2021), and provided trial testimony (2022) on materiality in a case brought by the SEC (U.S.D.C. Central District of California).

*In Re: Omega Healthcare Investors, Inc. Securities Litigation.* Issued a declaration (2022), provided deposition testimony (2022), and issued a rebuttal declaration (2022) on market efficiency in a securities class action. (Southern District of New York).

*Andrew Trampe v. CD Projekt S.A.* Issued a declaration (2022) on aggregate damages in a securities class action. (Central District of California).

*In re Global Brokerage, Inc. f/k/a/ FXCM Inc.* Issued a report (2020), a rebuttal report (2020), provided deposition testimony (2020) and testified (2020) on market efficiency in a securities class action. Issued a report (2021), a rebuttal report (2021) and provided deposition testimony (2021) on loss causation and damages (U.S.D.C. Southern District of New York).

*George Barney, et al. v. Nova Lifestyle, Inc., et al.* Issued a report on market efficiency in a securities class action (U.S.D.C. Central District of California, 2021).

*Peter Voulgaris, et al. v. Array Biopharma Inc., et al.* Issued a declaration on market efficient in a securities class action (District of Colorado, 2021).

*In re Innocoll Holdings Public Limited Company Securities Litigation.* Issued a report (2020), provided deposition testimony (2020) on market efficiency, and issued a rebuttal report (2020) in a securities class action (U.S.D.C. Eastern District of Pennsylvania).

*Michael Tietz, et al. v. Crytobloc Technologies Corp., et al.* Issued a report on price impact in a securities class action (Supreme Court of British Columbia, 2020).

*In re Horsehead Holding Corp. Securities Litigation.* Issues a report (2020) and provided deposition testimony (2020) on market efficiency in a securities class action (U.S.D.C. District of Delaware).

*Bing Li, et al. v. Aeterna Zentaris, Inc., et al.* Issued a declaration (2016), a report (2017), and provided deposition testimony (2017) on market efficiency in a securities class action. Issued a declaration (2019) a reply report (2019), and provided deposition testimony (2020) on loss causation and damages (U.S.D.C. District of New Jersey).

13

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

*In re Patriot National Inc. Securities Litigation.* Issued a declaration (2019) and a supplemental declaration (2019) on damages in a securities class action (U.S.D.C. Southern District of New York).

*Hamza Ramzan, et al. v. GDS Holdings Limited, et al*. Issued a declaration on NASDAQ microstructure in a securities class action (U.S.D.C. Eastern District of Texas, Marshall Division, 2019).

*Ivan Nibur, et al. v. SandRidge Mississippian Trust I, et al.* Issued a declaration (2018), a reply declaration (2018), a supplemental reply declaration (2018), and provided deposition testimony (2018) on market efficiency in a securities class action. Issued a declaration (2019) a rebuttal declaration (2019), and provided deposition testimony (2019) on loss causation and damages (U.S.D.C. Western District of Oklahoma).

*In Re Insys Theraputics, Inc. Securities Litigation.* Issued a report on market efficiency in a securities class action (U.S.D.C. Southern District of New York, 2019).

*In Re Spectrum Pharmaceuticals, Inc. Securities Litigation.* Issued a declaration (2019) and provided deposition testimony (2019) on market efficiency in a securities class action (U.S.D.C. District of Nevada).

*Amanda Beezley et al. v. Fenix Parts, Inc., et al.* Issued a declaration on market efficiency in a securities class action (U.S.D.C. Northern District of Illinois, Eastern Division, 2019).

*Michael Desta, et al. v. Volkswagen Aktiengesellschaft, et al.* Issued a declaration regarding benefits to firms that have ADRs listed in a securities class action (U.S.D.C. Eastern District of New York, 2018).

*Michael Desta, et al. v. Wins Finance Holdings Inc., et al.* Issued a declaration (2018) and provided deposition testimony (2018) on market efficiency in a securities class action (U.S.D.C. Central District of California).

*Andrew Meyer, et al. v. Concordia International Corp., et al.* Issued a declaration (2018), a reply declaration (2018), and provided deposition testimony (2018) on market efficiency in a securities class action. Issued a declaration (2018), a reply declaration (2018), and provided deposition testimony (2018) on loss causation and damages (U.S.D.C. Southern District of New York).

*In re: K12 Securities Litigation.* Issued a declaration (2018) and provided deposition testimony (2018) on market efficiency in a securities class action (U.S.D.C. Northern District of California).

14

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

*Robert Colman, et al. v. Theranos, Inc., et al.* Issued a declaration on damage methodology and price impact in a securities class action (U.S.D.C. Northern District of California, San Jose Division, 2018).

*In re: CytRx Corporation Securities Litigation.* Issued a declaration (2017) and provided deposition testimony (2018) regarding market efficiency in a securities class action (U.S.D.C. Central District of California).

*Lord Abbett Affiliated Fund, Inc., et al. v. American International Group, Inc.* Issued a report regarding market efficiency, loss causation, and damages in a securities case (U.S.D.C. Southern District of New York, 2017).

*Xiaolin Chi, et al. v. Qiao Xing Universal Resources, Inc., et al.* Issued a report on damages in a securities class action (District Court of the Virgin Islands, St. Croix Division, 2017).

*John Hosey v. Twitter, Inc., et al.* Issued a declaration (2017) and provided deposition testimony (2017) regarding rebuttal to Defendants' Motion for Summary Judgement in a securities class action (Superior Court of the State of California, County of San Mateo).

*Gwyn R. Hartman Revocable Living Trust v. Southern Michigan Bancorp, Inc. et al.* Issued a report on damages arising from alleged exclusions in a proxy solicitation (U.S.D.C. Western District of Michigan, 2017).

*Fred Kelsey, et al. v. Textura Corporation, et al.* Issued a declaration (2017) and provided deposition testimony (2017) on market efficiency in a securities class action (U.S.D.C. Northern District of Illinois).

*Dave Carlton, et al. v. Fred Cannon.* Issued a declaration on market efficiency in a securities class action (U.S.D.C. Southern District of Texas, Houston Division, 2016).

*James Middlemiss v. Penn West Petroleum LTD., et al.* Issued a report on damages in a securities class action (Superior Court of Justice Ontario, Canada, 2016).

*David Loritz, et al. v. Exide Technologies, et al.* Issued a report on damages and loss causation in a securities class action (U.S.D.C. Central District of California, 2015)

*Manishkumar Khunt, et al. v. Alibaba Group Holding Limited, et al.* Issued a declaration on potential investor damages in a securities class action (U.S.D.C. Southern District of New York, 2015).

*Biotechnology Value Fund, L.P. et al. v. Celera Corporation et al.* Issued a report (2014), a reply report (2014), a supplemental report (2014), and provided deposition

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

testimony (2014) on damages arising from a merger (U.S.D.C. Northern District of California).

*In re: Hi-Crush Partners L.P. Securities Litigation.* Issued a declaration (2014), a supplemental declaration (2014), and provided deposition testimony (2014) regarding market efficiency in a securities class action (U.S.D.C. Southern District of New York).

*Ian Mausner v. MarketByte LLC, et al.* Issued a declaration about investment advisor incentives and liquidity needs in a securities class action (U.S.D.C. Southern District of California, 2014).

*Artes Medical, Inc. v. Lemperle et al.* Provided deposition testimony on behalf of defendants about alleged damages caused by a proxy contest (Superior Court of the State of California, County of San Diego, Central District, 2013).

*In re: Ebix Inc. Securities Litigation.* Issued a declaration (2012) and provided deposition testimony (2013) regarding market efficiency in a securities class action (U.S.D.C. Northern District of Georgia, Atlanta Division).

*Erik Poole and William Rhody v. Alange Energy Corp., et al.* Issued a report (2012) and a reply report (2013) on market efficiency and damages in a securities class action (Superior Court of Justice Ontario, Canada).

*In re: Hecla Mining Securities Litigation.* Issued a declaration on investor losses in a securities class action (U.S.D.C. District of Idaho, 2012).

*Mark Henning, Roman Zaretski and Chrisitan Stillmark v. Orient Paper, Inc. et al.* Issued a declaration (2011), a supplemental declaration (2012) and provided deposition testimony (2012) regarding market efficiency in a securities class action (U.S.D.C. Central District of California).

*Carlos Munoz et al. v. China Expert Technology, Inc., et al.* Issued a declaration (2012), a supplemental declaration (2012) and provided deposition testimony (2012) in a securities class action regarding market efficiency (U.S.D.C. Southern District of New York).

*Theodore Dean, et al. v. China Agritech, Inc., et al.* Issued a declaration (2012), a supplemental declaration (2012) and provided deposition testimony (2012) in a case regarding market efficiency in a securities class action (U.S.D.C. Central District of California).

*Robert Michael Shenk, Derivatively on Behalf of Sirius XM Radio Inc. v. Melvin Alan Karmazin, et al.* Issued an expert report (2011), a supplemental expert report (2012) and provided deposition testimony (2012) in a case involving damages in a shareholder derivative matter (U.S.D.C. Southern District of New York).

16

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

*Pathway Investments Pty Ltd and Doystoy Pty Ltd v. National Australia Bank Ltd.*
Submitted a report on survey techniques, the efficient market hypothesis and liquidity in a securities class action (Supreme Court of Victoria at Melbourne, Australia, Commercial and Equity Division, Commercial Court, 2012).

*Bruce Simmonds, Robert Grant and Gordon Moore v. Armtec Infrastructure Inc. et al.*
Issued a report on market efficiency and damages in a securities class action (Superior Court of Justice Ontario, Canada, 2011).

*In re: BP plc. Securities Litigation.* Issued a declaration regarding damages and materiality in a securities class action (U.S.D.C. Southern District of Texas, Houston Division, 2010).

*In re: Tripath Technology Inc., Debtor.* Issued a report (2009) and provided deposition testimony (2010) regarding damages arising from Directors' and Officers' breach of fiduciary duty in bankruptcy court (U.S.D.C. Northern District of California, San Jose Division).

*David Ainslie and Muriel Marentette v. CV Technologies et al.* Issued a report estimating damages in a securities class action (Superior Court of Justice, Ontario, Canada, 2010).

*Harry Stackhouse, on Behalf of Himself and All Others Similarly Situated v. Toyota Motor Corporation, et al.* Issued a declaration regarding the relationship between Toyota's U.S. stock price and Japanese stock price in a securities class action (U.S.D.C. Central District of California, 2010).

*Phillip Elliot and William Kormos v. NovaGold Resources Inc., et al.* Issued a declaration in a securities class action regarding trading volume in the U.S. versus Canada. (Superior Court of Justice, Ontario, Canada, 2010).

*International Arbitration between a private equity firm and Chinese biotech company.* Issued a report (2008) and testified (2009) before an International Arbitration Committee regarding the value of a private equity investment.

*Arbitration between Albert Richards and Old Republic Title Insurance.* Deposed regarding estimated damages incurred by plaintiff as a result of a forced sale of Russian securities due to Old Republic's breach of contract (2008).

*Californians United for a Responsible Budget, et al., v. California State Public Works Board, et al.* Issued a report on the cost of issuing revenue bonds to fund California prison expansion (The Superior Court for the State of California, County of Sacramento, 2008).

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

*Arbitration between Daniel Lyons and Morgan Lyons, and Chinese Hospital Association and Sam English.* Deposed regarding plaintiffs' calculated damages arising from asbestos exposure for plaintiff (2003).

**ENGAGEMENTS**

**Securities and Finance**

In re: China Medicine Corporation Securities Litigation. Retained by class counsel to estimate damages and determine market efficiency in a securities class action.

In re: Citigroup Inc. Securities Litigation. Testified as to damages and inflation in a securities class action.

In re: Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation. Retained by class counsel as damages expert in a derivative securities class action.

Government of Guam Retirement Fund et al. v Countrywide Financial Corp, et al. Retained by class counsel to estimate damages in a securities class action.

Keith Cohn v. Sanford C. Bernstein & Co., LLC and Alliance Bernstein LP. Retained by client to testify on portfolio risk in a FINRA arbitration.

In re: Semgroup Energy Partners, L.P., Securities Litigation. Retained by Plaintiffs to estimate damages in a securities class action.

Asbestos Workers Philadelphia Pension Fund v. Merix Corporation, et al. Retained by Plaintiffs to evaluate fairness of merger between Merix and Viasystems.

Retained by Goldman Sachs to provide consulting on the IPO process, the valuation of securities at IPO and the possible impact of "tie-in" agreements on the pricing of IPOs for the purpose of analyzing class certification and damages.

Joseph Phelps Vineyards, Inc., et al., v Craig Williams, et al. Retained by Joseph Phelps Vineyards to estimate the value of the winery as part of arbitration.

UnitedHealth Group Option Backdating Investigation. Retained by a Special Litigation Committee formed by UnitedHealth Group's board of directors to estimate harm caused by company's decision to backdate options.

18

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

SEC v. Henry Nicholas, et al. Retained by founder of Broadcom to estimated harm caused by company's decision to backdate options.

Enrico Bondi on behalf of Parmalat S.p.A. v. Bank of America et al. Hired by Bank of America to rebut damage arguments regarding Bank of America's role in Parmalat's eventual bankruptcy.

Capital Trading Co. v. Conor Medsystems. Retained to analyze a fairness opinion issued by Citigroup regarding the price offered by Johnson & Johnson to acquire Conor.

Enron Solvency. Retained by the surviving Enron Corporation to estimate the value of its assets for litigation purposes.

SEC v. Spear Leeds Kellogg (Goldman Sachs.) et al. Estimated damages associated with trading ahead allegations made by the SEC on behalf of Goldman market makers on the New York Stock Exchange, American Stock Exchange, Philadelphia Stock Exchange and the Chicago Board of Options Exchange.

General Fire and Casualty co. et al. v. Guy Carpenter and Co., Inc. Hired by defendant to rebut allegations that it had given incorrect advice to the plaintiff regarding reinsurance contracts.

R.D. Hubbard v. Pinnacle Entertainment, Inc. Analyzed the value of options granted and later rescinded on behalf of our client, the defendant.

Thomas Slemmer, et al. v. Cucamonga Valley Water District, et al. Estimated the value of restricted stock in a mutual water company.

Department of Labor v. Genuity (investigation). Assisted Genuity in an investigation by the Department of Labor as to whether or not Genuity stock was a safe investment for Genuity's pension fund. Investigation was dismissed.

Jason Stanley, et al. v. Safeskin Corporation, et al. Estimated damages and consulted on materiality for defendant in a securities class action.

Nanogen, Inc. v. Donald D. Montgomery and CombiMatrix Corporation. Estimated damages for defendant in cross complaint over a failed IPO resulting from plaintiff's claims of patent infringement in genomic industry.

Conseco, Inc. Securities Litigation. Retained by defendants to calculate damages in a securities class action matter.

19

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

Madison/OHI Liquidity Investors, LLC v. Omega Healthcare Investors. Estimated damages to Madison's investment funds as a result of the early termination of a debt facility.

Barbara Rosen, et al. v. Macromedia, Inc., et al. Prepared rebuttal analyses in securities class action suit on behalf of Macromedia.

Karen Yarborough v. PeopleSoft, Inc. and Does 1-20. Calculated value of stock option package in wrongful termination suit on behalf of PeopleSoft.

Michael Carabetta v. Novadigm, Inc., et al. Did analysis of damages to a former company insider on behalf of Novadigm. Estimated value of lost options and salary.

Allen T. Gilliland Trust, et al. v. H&F MobileMedia Partners, LLC, et al. Engaged by auditors to analyze plaintiffs' decision to affirm a prior transaction.

California Federal Bank v. United States. Estimated damages caused by government in breach of contract case on behalf of Cal Fed.

LaSalle Talman v. United States. Estimated damages caused by government in breach of contract case on behalf of LaSalle Talman.


**Intellectual Property**

Transocean v. Maersk. Retained by Maersk to defend claims of patent infringement in case involving oil drilling technology.

Abbott Laboratories, et al. v. Sandoz, Inc. Retained on behalf of Abbott to estimate patent infringement damages as a result of Sandoz's decision to introduce a generic drug prior to the expiration of a patent.

LG Phillips LCD Co., LTD v. Tatung, Chunghwa Picture Tubes, et al. Provided rebuttal analysis for defendants in a patent infringement case dealing with LCD technology.

PostX Corporation v. Secure Data in Motion, Inc. d/b/a/ Sigaba Corporation. Calculated damages arising from tortuous interference and patent infringement in the secure document delivery market. Client was victorious on both complaint and cross-complaint.

Larkspur Data Resources, Inc. v. Trust Administrators, et al. Assisted plaintiff in calculating damages in trademark and copyright infringement case involving proprietary databases.

**Exhibit-1**
**Curriculum Vitae**
**Adam Werner, Ph.D.**

Dioptics Medical Products, Inc. v. The Cooper Companies, Inc.; CooperVision, Inc.; A. Thomas Bender; and Does 1-15. Retained by plaintiff to calculate damages in a copyright infringement case over naming of eyewear.

Intel Corporation v. Broadcom Corporation. Retained by Broadcom to estimate damages alleged by Intel based on charges of patent infringement.

Australia Vision Services Pty. Ltd. v. Dioptics Medical Products, Inc., Henry Lane, and individual, and Does 1-10. Estimated profits lost by Dioptics as a result of a competitor's allegations of patent infringement.

American Booksellers Association, Inc. v. Barnes & Noble, et al. Worked on analysis of publisher discounts and analysis of openings and closings of bookstores on behalf of Borders.

**Exhibit-2**
**Documents Considered**
**In Addition to Those Cited in My October Declaration**

**CASE DOCUMENTS**

- Declaration of Dr. Adam Werner, dated October 17, 2022
- Rebuttal Report of Dr. Ran Wei, dated November 21, 2022

**NEWS ARTICLES AND PRESS RELEASES**

- "*Co-Diagnostics Inc. (CODX) Paused due to volatility," *Dow Jones Newswires*, May 14, 2020, 1:25 PM.
- "*Co-Diagnostics Inc. (CODX) Resumed Trading*," *Dow Jones Newswires*, May 14, 2020, 1:30 PM.
- "*Co-Diagnostics Inc. (CODX) Paused due to volatility," *Dow Jones Newswires*, May 14, 2020, 1:48 PM.
- "*Co-Diagnostics Inc. (CODX) Resumed Trading*," *Dow Jones Newswires*, May 14, 2020, 1:58 PM.

**ACADEMIC AND PROFESSIONAL LITERATURE**

- Brav, Alon and J.B. Heaton, "Event Studies in Securities Litigation: Low Power, Confounding Effects, and Bias," *Washington University Law Review*, 2015.
- Kaye, David H., and David A. Freeman, "Reference Guide on Statistics," *Reference Manual on Scientific Evidence*, 3rd Edition, 2011.
- Mason, Robert D., Douglas A. Lind, and William G. Marchal, *Statistical Techniques in Business and Economics*, 10th Edition, Irwin/McGraw-Hill, 1999.

**OTHER**

- https://www.finra.org/investors/investing/investment-products/stocks/trading-halts-delays-suspensions
- https://seekingalpha.com/news/3574617-co-diagnostics-reverses-rally-after-hindenburg-short-call
- https://twitter.com/HindenburgRes/status/1260987928064536583?ref_src=twsrc%5Etfw

22