Douglas W. Greene (*admitted pro hac vice*)
Genevieve G. York-Erwin (*admitted pro hac vice*)
BAKERHOSTETLER
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
dgreene@bakerlaw.com
gyorkerwin@bakerlaw.com

Joni Ostler (9607)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
jostler@parrbrown.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br>Plaintiff,<br><br>vs.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, BRENT SATTERFIELD,<br><br>Defendants. | **DUCivR 37-1 SHORT FORM DISCOVERY MOTION FOR PROTECTIVE ORDER RE DEPOSITION DATE**<br><br>Case No. 2:20-cv-00368-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants ask the Court to order a short postponement of the deposition of non-party Cecilia Hutchins until a mutually agreeable date.

Defendants recently hired new counsel Douglas W. Greene of BakerHostetler. BakerHostetler promptly contacted Plaintiffs' counsel.   The parties met and conferred telephonically on January 13, 2023.  Plaintiffs' counsel informed BakerHostetler that Plaintiffs had noticed two depositions, including the deposition of former Co-Diagnostics, Inc. employee Cecilia Hutchins for February 8, 2023.  The parties have been meeting and conferring since January 13 regarding a revised case schedule in view of the transition to new defense counsel and certain problems with respect to the current schedule.

BakerHostetler informed Plaintiffs' counsel that the February 8 deposition date for Ms. Hutchins did not work for them for several reasons.  While the parties have nearly reached agreement on a new case schedule, Plaintiffs' counsel have refused to reschedule Hutchins' deposition.

Defendants ask the Court to order a short postponement of the deposition until a mutually agreeable date for the following reasons:

*First,* BakerHostetler needs time as new counsel to become familiar with the facts and claims in the case and the underlying documents.  BakerHostetler was retained less than a month ago.  Due to pressing deadlines previously agreed by prior counsel, BakerHostetler has prioritized work on document production to respond to Plaintiffs' document requests.

*Second*, because Hutchins is a former employee of Defendant Co-Diagnostics, Inc., BakerHostetler expects to represent her at her deposition, as is their standard practice (in order to,

among other things, protect the company's privileges and trade secrets).  BakerHostetler has been working to contact Hutchins but has not yet succeeded.

*Third*, BakerHostetler will not have time to adequately prepare for Hutchins' deposition.  For example, BakerHostetler has not had a chance to identify key documents.  Over 24,000 documents have been produced to date.  BakerHostetler needs sufficient time to become familiar with Ms. Hutchins' documents and other important documents before her deposition.

*Fourth*, there is no urgency.  Document production is ongoing—including certain of Ms. Hutchins' emails and other documents that may be relevant to her deposition.  The fact discovery cutoff in the current scheduling order is over three months away.  The parties have made significant progress negotiating a further extension of that deadline and other deadlines, and the draft revised schedule under negotiation includes a three-month deposition period (March 15 – June 15).

Plaintiffs have identified no prejudice from the requested postponement, other than saying they have worked with *prior* defense counsel since November to schedule Hutchins' deposition.  But Defendants are not asking to cancel the deposition.  New counsel merely asks for a modest postponement until a mutually acceptable date.  *See Pia v. Supernova Media Inc.*, 2012 WL 1145943, at *4 (D. Utah Apr. 5, 2012) (deposition need not occur on inconvenient date; scheduling mutually agreeable dates is "the professional, courteous, and acceptable practice in this district."); *Allred v. Moroni Feed Co.*, 2015 WL 1467587, at *7 (D. Utah Mar. 30, 2015) (failure to appear at depositions was justified where counsel repeatedly stated the selected dates did not work).

Defendants ask the Court to order that Hutchins' deposition not go forward on February 8, and instead take place in March or April on a mutually convenient date.

DATED this 30th day of January, 2023.

PARR BROWN GEE & LOVELESS, P.C.

 /s/ *Joni Ostler*
Joni Ostler
*Attorney for Defendants*

## CERTIFICATION UNDER DUCivR 37-1

I certify pursuant to DUCivR 37-1 that the parties have made reasonable efforts to reach agreement on postponing the depositions of Mr. Egan and Ms. Hutchins, through meet and confers as follows:

- Telephonic meet and confer on January 13, 2023, with Doug W. Greene and Genevieve G. York-Erwin from BakerHostetler, and Joni Ostler from Parr Brown Gee & Loveless, on behalf of defendants, and Michael A. Pineiro and Brandon Floch from Marcus Neiman Rashbaum & Pineiro on behalf of plaintiffs; and

- Subsequent email communications between the counsel listed above on January 19, 20, 24, 26, 27, and 30.

PARR BROWN GEE & LOVELESS, P.C.

 /s/ *Joni Ostler*
Joni Ostler
*Attorney for Defendants*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of January 2023, I caused a true and correct copy of the foregoing **DUCivR 37-1 SHORT FORM DISCOVERY MOTION FOR PROTECTIVE ORDER RE DEPOSITION DATE** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent electronic notification to all counsel of record.

/s/ *Joni Ostler*

5