D. Loren Washburn (#10993)
WASHBURN LAW GROUP, LLC
881 Baxter Drive, Ste. 100
South Jordan, Utah 84095
Telephone: (385) 881-9660
Email: loren@washburnlawgroup.com

Michael A. Pineiro (*pro hac vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131
Telephone: (305) 400-4268
mpineiro@mnrlawfirm.com

Michael C. Fasano (*pro hac vice*)
FASANO LAW FIRM, PLLC
2 S. Biscayne Blvd., Suite 2530
Miami, FL 33131
Telephone: (786) 530-5239
mfasano@fasanolaw.com

*Attorneys for Gelt Trading, Ltd. and Proposed Class*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br>        Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, BRENT SATTERFIELD,<br><br>        Defendants. | Case No. 2:20-cv-00368-CMR<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead<br><br>**PLAINTIFF'S OPPOSITION TO SHORT FORM DISCOVERY MOTION FOR A PROTECTIVE ORDER RE DEPOSITION DATE** |

1

The Court should deny Defendants' motion for protective order (D.E. 134) seeking a 1-2 month postponement of the deposition of non-party Cecilia Hutchins, which we have attempted to set since November 2022. Ms. Hutchins, Co-Diagnostics' former head of regulatory, evaluated the misleading nature of the press release at issue in this securities fraud case. Even though Ms. Hutchins and defense counsel are available for the deposition (February 8th), Defendants want to postpone it because they changed counsel after repeatedly failing to comply with their discovery obligations. Discovery in this case—including depositions, none of which have occurred—has been sidetracked because of Defendants' discovery violations. While we have significantly accommodated Defendants' new counsel in several respects, we cannot continue to be delayed in prosecuting this case. This deposition should go forward.

***

In this securities fraud class action, Defendants have dragged their feet and failed to comply with their discovery obligations. Defendants breached their deadline to complete document production, which was on September 30, 2022. (D.E. 112). As a result, we could not begin to schedule depositions. Nonetheless, we accommodated Defendants' discovery delays. On January 5, 2023, we noticed, with Defendants' consent, the deposition of Ms. Hutchins on February 8th and of Defendant Egan on February 13th. On January 9th, the parties jointly moved the Court to extend the pretrial deadlines. (D.E. 126, 127). That same day, we were advised that Defendants had retained new counsel. We conferred with their new counsel and agreed to again extend the pretrial deadlines and to reschedule Defendant Egan's deposition. The sole discovery item that we ask remain on schedule is Ms. Hutchins' deposition.

There is no basis to postpone this deposition. *First*, a change in counsel is not good cause to move the deposition because defense counsel is available on the date noticed for the deposition

and defense counsel has been involved for almost a month. *Kenny v. Cnty. of Suffolk*, 2008 WL 4936856, at \*1 (E.D.N.Y. Nov. 17, 2008); *Steel v. Stoddard*, 2013 WL 12064545, at \*12 (S.D. Cal. Feb. 15, 2013). Defense counsel seeks to delay the deposition so they can prepare Ms. Hutchins for her deposition. They have had plenty of time to do so. They are not entitled to delay because they are not satisfied with their ability to prepare a former employee.

*Second*, Defendants cannot dictate when Plaintiff may depose a non-party by claiming there is no "urgency." *Res. Associates Grant Writing v. Maberry*, 2008 WL 5978896 (D.N.M. Dec. 8, 2008). This case has been pending since June 2020. Requesting to move forward with this deposition is not unreasonable. We have been exceedingly patient with Defendants and wish to take this deposition prior to party depositions, which we have agreed to take in March and April.

*Third*, Plaintiff and the deponent will be prejudiced if the Court postpones the deposition. Three firms representing the Plaintiff have cleared their schedules and coordinated with the witness to make February 8th work. Finding another mutually agreeable date may prove difficult.

DATED: February 6, 2023

        /s/ D. Loren Washburn
D. Loren Washburn
Washburn Law Group, LLC
881 Baxter Drive, Ste. 100
South Jordan, Utah 84095

Michael A. Pineiro (*pro hac vice)*
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131

Michael C. Fasano (*pro hac vice)*
FASANO LAW FIRM, PLLC
2 S. Biscayne Blvd., Suite 2530
Miami, FL 33131

*Attorneys for Gelt Trading, Ltd. and Proposed Class*

3

## CERTIFICATE OF SERVICE

I certify that on February 6, 2023 a copy of the opposition was filed on the CM/ECF system and delivered to all parties of record.

/s/ D. Loren Washburn
D. Loren Washburn