# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br>    Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, and BRENT SATTERFIELD,<br><br>    Defendants. | **SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF**<br><br>Case No. 2:20-cv-00368-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

**PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff, by and through its undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Utah, hereby demands that Defendants produce for inspection within thirty (30) calendar days of the date of this request at the offices of Marcus, Neiman, Rashbaum & Pineiro LLP, located at 2 S. Biscayne Blvd., Suite 2530, Miami, Florida 33131, all Documents described below in accordance with the definitions and instructions that follow.

**DEFINITIONS**

1.      "Action" refers to the above-captioned case, *Gelt Trading, Ltd. v. Co-Diagnostics, Inc., et al.*, Case No. 2:20-cv-00368-JNP-DBP (D. Utah).

2.      "SEC" means and refers to the U.S. Securities and Exchange Commission.

3.      "All," "Any," and "Each" shall each be construed as encompassing any and all.

4.   "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.   "Class" means and refers to all persons and entities that purchased or otherwise acquired Co-Diagnostics, Inc. shares between April 30, 2020 and May 15, 2020, inclusive.

6.   The use of the singular form of any word includes the plural and vice versa.

7.   "You" or "Your" means the party responding to this request.

8.   "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9.   "Co-Diagnostics" means Defendant Co-Diagnostics and its predecessors, successors, assigns, agents, direct and indirect subsidiaries and affiliates, direct and indirect shareholders, officers, directors, employees, owners, and any and all persons executing control over such entities.

10.   "Logix Smart Test" means Co-Diagnostics' Logix Smart Covid-19 diagnostic test or any Co-Diagnostics' diagnostic test created for the purpose of detecting COVID-19.

11.   "May 1, 2020 Press Release" means the press release issued by Co-Diagnostics on May 1, 2020, entitled "Co-Diagnostics, Inc. Releases COVID-19 Test Performance Data: Consistently Demonstrates 100% Sensitivity and 100% Specificity Across Independent Evaluations," and any reports, documents, or data attached or supplied with that press release.

12.   "Validation Study" means any validation or other study, report, data, or analysis concerning the accuracy, sensitivity, specificity, concordance, or limit of detection of the Logix Smart Test.

13. "Complaint" refers to Second Amended Class Action Complaint (Proposed Class Action) (ECF No. 86) filed in this Action.

14. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

15. "You" and "Defendants" refers to Co-Diagnostics, Inc., Dwight Egan, James Nelson, Eugene Durenard, Edward Murphy, Richard Serbin, Reed Benson, and Brent Satterfield.

16. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

17. "Meeting" means the contemporaneous presence, whether in person or through any other means of Communication, of any natural persons, whether or not such presence was by chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

18. "Person" means and refers to any natural person or legal entity, including without limitation, any business or governmental entity or association.

19. "Plaintiff" refers to lead plaintiff Gelt Trading, LTD.

20. "Referring to" means belonging to, relating to, or regarding.

21. "Relating to" means regarding, relating to, referring to, in connection with, pertaining to, describing, reflecting, discussing, analyzing, summarizing, embodying, or constituting.

22. "Relevant Period" means April 1, 2019, to the present.

23. "Financial Statements" means income statements, balance sheets, and statements of retained earnings and cash flows.

## **INSTRUCTIONS**

1.       All Documents shall be produced as they are maintained in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile, thereof. i.e., Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

2.       In responding to these requests, you shall produce all responsive Documents (including those stored electronically), which are in your possession, custody, or control, or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3.       Plaintiff reserves the right to request inspection of the original Documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

4.       To the extent that there are Documents contain information relevant to these requests that are currently in electronic format, the Documents are to be produced in their native format.

5.       If production of Documents is withheld on the ground of privilege, as to each such withheld document, state the following information:

        (a)       which privilege is claimed;

(b)     who is asserting the privilege;

(c)     a precise statement of the facts upon which said privilege is based;

(d)     the following information describing each purportedly privileged document:

i     a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

ii.     a brief description sufficient to identify its subject matter and purpose of the document;

iii.     the date it was prepared;

iv.     the date it bears;

v.     the date it was sent;

vi.     the date it was received;

vii.     the identity of the person preparing it;

viii.     the identity of the person sending it;

ix.     the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

x.     a statement as to whom each identified person represented or purported to represent at all relevant times;

xi.     all persons to whom its contents have been disclosed; and

xii.     a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

6.     If a portion of any document responsive to these requests is withheld under claim

of privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

7.      You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instructions Nos. 5 and 6 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

8.      Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

9.      If a document responsive to these requests was at any time in your possession, custody, or control but is no longer available for production, as to each such document state the following information:

(a) whether the document is missing or lost;

(b) whether it has been destroyed;

(c) whether the document has been transferred or delivered to another person and, if so, at whose request;

(d) whether the document has been otherwise disposed of; and

(e) a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

10.     With respect to any category of Documents, the production of which you contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

11.     If no Documents exist which are responsive to a particular request, state this assertion in writing.

6

12.     These Document Requests are continuing, and to the extent that at any time after the production of Documents called for by this Document Request, You become aware of or acquire additional Documents responsive to this Document Request, such Documents shall be produced promptly up to the final resolution of this action, whether by trial or otherwise.

13.     Unless otherwise stated, these requests call for the production of All Documents that were generated and/or maintained during the period April 1, 2019 to the present (the "Relevant Period").

### DOCUMENT REQUESTS

1.     All documents relating to any investigation or inquiry by the United States Securities and Exchange Commission relating to the May 1, 2020 Press Release.

2.     All documents relating to any investigation or inquiry by the United States Securities and Exchange Commission relating to Co-Diagnostics, Inc.'s press releases, marketing materials, and/or statements to the public other than relating to the May 1, 2020 Press Release.

3.     All documents relating to any government investigation or inquiry, other than by the SEC, relating to Co-Diagnostics' press releases, marketing materials, and/or statements to the public.

5.     All documents relating to any Validation Studies that were conducted prior to the May 1, 2020 Press Release.

6.     All documents relating to any Validation Studies that were conducted after the May 1, 2020 Press Release.

7.     All communications between Co-Diagnostics and any prospective customers who declined to purchase or use the Logix Smart Test based in part on its performance or accuracy.

8.      All documents relating to Co-Diagnostics' efforts to improve the limit of detection of the Logix Smart Test after the May 1, 2020 Press Release.

9.      All documents relating to Co-Diagnostics' decision to offer a Logix Smart Test that provides for detection of two genes from the RNA of Covid-19.

10.     All communications relating to the deletion of documents by Rebecca Garcia.

11.     All communications involving Rebecca Garcia relating to the Validation Studies referenced in and attached to the May 1, 2020 Press Release.

12.     All documents relating to any corrective actions or remedial measures taken by Co-Diagnostics in connection with the U.S. FDA's February 11, 2020, email regarding Co-Diagnostics' press releases and other marketing materials.

Dated: May 11, 2023

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

/s/ Michael A. Pineiro
Michael A. Pineiro (*admitted pro hac vice*)
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131
Tel: (305) 400-4268
mpineiro@mnrlawfirm.com


**FASANO LAW FIRM, PLLC**

/s/ Michael C. Fasano
Michael C. Fasano (*admitted pro hac vice*)
2 S. Biscayne Blvd., Suite 2530
Miami, FL 33131
Tel: (786) 530-5239
mfasano@fasanolaw.com

*Attorneys for Lead Plaintiff Gelt Trading, Ltd. and Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served on all counsel of record in this action by email service on May 11, 2023.

/s/Michael A. Pineiro
Michael A. Pineiro