D. Loren Washburn (#10993)
WASHBURN LAW GROUP
881 Baxter Dr. Ste. 100
South Jordan, UT, 84095
Telephone: (385) 881-9660
loren@washburnlawgroup.com

Michael A. Pineiro (*pro hac vice*)
MARCUS NEIMAN RASHBAUM & PINEIRO LLP
2 South Biscayne Blvd., Suite 2530
Miami, FL 33131
Telephone: (305) 400-4268
mpineiro@mnrlawfirm.com

Michael C. Fasano (*pro hac vice*)
FASANO LAW FIRM, PLLC
2 S. Biscayne Blvd., Suite 2530
Miami, FL 33131
Telephone: (786) 530-5239
mfasano@fasanolaw.com

*Attorneys for Gelt Trading, Ltd. and Proposed Class*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br>   Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, BRENT SATTERFIELD,<br><br>   Defendants. | **CLASS PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR AMENDED SCHEDULING ORDER**<br><br>Case No. 2:20-cv-00368-JNP-DBP |

**INTRODUCTION**

1

Plaintiff seeks leave to take a single, narrowly-tailored 30(b)(6) deposition to address spoliation issues and a handful of other topics that percipient witnesses did not have adequate knowledge about. Defendants frame this reasonable request as if Plaintiff were asking for dozens more depositions and a request to reopen discovery *carte balance* for many months, calling Plaintiff's narrow request a "litigation tactic" designed to induce settlement "pressure." It is unclear how the taking of a single, corporate representative deposition with particularized topics would cause Defendants to settle.[1]

When the hyperbole is brushed aside, Defendants do not offer any compelling reason they would be prejudiced by the taking of a single, additional deposition. And Plaintiff establishes good cause to extend discovery. Defendants' response does not dispute that Gelt diligently pursued fact discovery nearly to completion in mid-May 2023, which was when the parties began discussing mediation. Because Defendant has a wasting insurance policy, Plaintiff reasonably pumped the brakes on discovery at that time, hoping the case would be resolved. Now that settlement appears unlikely, Plaintiff seeks a final deposition on two issues: document preservation and specific issues on which none of Defendants' fact witnesses could provide complete answers.

During this past summer, Plaintiff learned for the first time that the company never put a litigation hold in place. Key materials have been deleted, and Plaintiff seeks a deposition to understand whether a sanctions motion should be pursued based on spoliation. Further, Plaintiff has deposed over ten fact witnesses but key executives have failed to answer questions touching upon important issues. D.E. 155 at 9-10. With a trial date not even sent, Plaintiff respectfully requests leave to take a single deposition to address the above issues.

I.    **Gelt Has Met the Six Factors to Establish Good Cause to Modify the Fact Discovery Deadline to Take a Single, Extra Deposition**

---

[1]    Gelt attaches a proposed list of corporate representative deposition topics as **Exhibit A**.

The test for whether a case management order should be modified is whether the moving party has shown good cause. *Id.*; *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). "Good cause requires a greater showing than excusable neglect." *Andersen v. Foremost Ins.*, No. 1:20-CV-00115, 2022 WL 2870154, at *3 (D. Utah July 21, 2022). The parties agree that a six-factor test is used to determine whether good cause exists: (1) whether trial is imminent, (2) whether the request is opposed, (3) prejudice to the nonmoving party, (4) diligence by the moving party, (5) foreseeability of the need for additional discovery in light of the time allowed for discovery, and (6) the likelihood the discovery will lead to relevant evidence. *Vox Mktg. Grp., LLC,* 2019 WL 1206887, at *3. In their response, Defendants ignore two of these factors, and Defendants reasoning for why Gelt does not meet the remaining factors is unavailing.

First, Defendants concede, in a short footnote, that trial is not yet scheduled here; however, Defendants contend that this factor "carries less weight" than other factors in the good cause analysis, citing *Wagstaff v. Biolife Plasma Servs. See* Response in Opposition, p. 8, n. 7. *Wagstaff* does not hold, or even mention, which of the good cause factors carry more or less weight. Defendants' position is simply inaccurate, and this factor favors granting Gelt's motion.

Second, while this narrow request for one additional deposition is opposed, Gelt reminds the Court that Defendants were fine with extending other fact depositions past the August 18, 2023, discovery cutoff and pushing back the deadlines for expert discovery and summary judgment. This is not a matter of the parties not having the time or desire to confer on discovery, but rather Defendants' attempting to avoid Co-Diagnostics' sitting for a basic corporate representative deposition.

Third, Defendants do not clearly articulate how they would be prejudiced in any way by scheduling the corporate representative deposition for a date after the August 18, 2023 fact

discovery cutoff. Defendants appear to argue that the time and expense of preparing for a corporate representative deposition—generally—causes Defendant prejudice. What Defendants do not explain is how the ***timing*** of the corporate representative deposition specifically results in any prejudice. Defendants cannot point to any specific prejudice because there is no prejudice.

Fourth, regarding Gelt's diligence, Defendants' response does not dispute that Gelt diligently pursued fact discovery nearly to completion in mid-May 2023, which was when the parties began discussing convening for mediation. Right after the mediation session on August 9, 2023, Gelt contacted Defendants about the need for a modest fact discovery extension, which Defendants partially agreed to by allowing two additional depositions to go forward in September.

Fifth, Defendants just skip over the fact that Gelt is seeking one single deposition to complete fact discovery, which can be completed in parallel with upcoming expert discovery. There is no risk to Defendants that the requested extension of time to take the corporate representative deposition will beget more discovery.

Sixth, Defendants effectively argue that a corporate representative deposition will not lead to any additional discoverable information than what has already been provided by Defendants. Defendants seem to argue that a deposition regarding evidence preservation issues, a common topic for a corporate representative deposition, should simply not be had at all because those issues should be dealt with through written discovery. There is no basis for limiting Gelt's discovery in this way. Indeed, courts routinely allow 30(b)(6) depositions covering document retention and destruction practices where, as here, a party has deleted information after the initiation of litigation. *See Martley v. City of Basehor, Kansas*, No. 19-2138-DDC-GEB, 2021 WL 4134307, at *3 (D. Kan. Sept. 10, 2021) (allowing 30(b)(6) on defendant's discovery efforts where "here has been continuing questions about documents withheld from discovery, issues related to the imaging of

4

the [defendant's] servers, as well as deletion of information from [defendant's] servers, and the destruction of the computer used by Plaintiff while he worked for the [defendant]."). Defendants' failure to issue a litigation hold at the beginning of this action and their failure to tell Plaintiff about it until June 2023, after Plaintiff noted a lack of Dr. Garcia's files in discovery, raises more questions than answers—questions Plaintiff should be allowed to ask at a corporate deposition to determine whether it should pursue a potential sanctions motion.

Moreover, Defendants cite a few lines of testimony from two fact depositions to argue that their witnesses have "directly responded" to any inquiry Gelt would have for a corporate representative. As shown by the eight examples of lack of knowledge in Gelt's motion (D.E. 155 at 9-10), Defendants' lack of knowledge or memory on key topics goes far beyond a few lines of testimony, and a corporate representative deposition is the appropriate vehicle to explore those topics. In short, Defendants seek narrow discovery on targeted areas about preservation issues and areas about which Defendants' executives lacked knowledge. *See* Ex. A (proposed list of topics).

Gelt has met each of the six good cause factors required for modification of the case management order under Federal Rule of Civil Procedure 16(b)(4).

## II.    Gelt Has Demonstrated Excusable Neglect

Excusable neglect is not one of the factors used to determine whether good cause exists under Federal Rule of Civil Procedure 16(b)(4), and it should not be considered in determining whether the case management order should be modified. But even if the Court were to consider this factor, the Court should still grant Gelt's proposed modification.

First, Defendants cannot identify any prejudice they would suffer if Co-Diagnostics' corporate representative deposition simply occurs on a date after August 18, 2023. Rather, Defendants simply point to the "significant, unnecessary effort and expense" that would be

incurred if the corporate representative deposition goes forward. The time and expense required to generally prepare for a corporate representative deposition is not prejudicial in any way, and Defendants fail to explain why taking the deposition in October or November rather than August would increase the time and expenses needed to prepare.

Second, Defendants argue that the taking of a corporate representative deposition could take months and potentially through the end of the year. But Defendants provide no reason why this would impact the judicial proceedings. In fact, it would not. Summary judgment motions are not due until January 19, 2024. Even if the parties needed until the end of 2023 to take a corporate representative deposition, there would be ample time for the parties to use that deposition at summary judgment and trial.

Third, and as explained above, the parties have been trying to resolve this case since May 2023, and mediation remains ongoing. Gelt has been trying to conserve judicial and party resources, especially considering Co-Diagnostics' wasting insurance policy. Gelt's delay in seeking the corporate representative deposition was logical and reasonable.

Fourth, Gelt is acting in good faith, and Defendants' theory that Gelt is simply seeking a corporate representative deposition to drive up the cost of litigation does not make sense. If Gelt wanted to simply exert "pressure" on Defendants, it would have noticed the corporate representative deposition before the parties' mediation session on August 9, 2023. Rather than doing that, and to make mediation as fruitful as possible, Gelt waited to address the issue until it was necessary to do so. Following the mediation session, Gelt quickly reached out to Defendants to discuss concluding discovery.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Gelt Trading, Ltd.'s request for a 45-day

extension of the fact discovery period in this case for the purpose of taking Co-Diagnostics'

corporate representative deposition.

DATED: September 25, 2023

**WASHBURN LAW GROUP**

/s/ D. Loren Washburn
D. Loren Washburn

*Attorneys for Gelt Trading, Ltd. and Proposed Class*

## CERTIFICATE OF SERVICE

I certify that on September 25, 2023 a copy of the motion was filed on the CM/ECF

system and delivered to all parties of record.


/s/ D. Loren Washburn
D. Loren Washburn