# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br>    Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, and BRENT SATTERFIELD,<br><br>    Defendants. | Case No. 2:20-cv-00368-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

## [PROPOSED] NOTICE OF 30(B)(6) DEPOSITION OF CO-DIAGNOSTICS, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Gelt Trading, Ltd. ("Gelt") will take the deposition by oral examination of Defendant Co-Diagnostics, Inc. commencing at _____, on _____ or at a time and location mutually agreed between the parties.

The deposition is for all purposes permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence and will be taken before a notary public or other officer fully authorized by law to administer oaths in the State of Utah. The deposition will be recorded stenographically by a court reporter and videotaped. It will continue from day to day, or as agreed by counsel, until completed.

Pursuant to Fed. R. Civ. P. 30(b)(6), Co-Diagnostics, Inc. is directed to designate one or more officers, directors, managing agents, or other persons to testify on its behalf regarding all topics set forth in the below Schedule A. If more than one person is designated to testify, Co-

Diagnostics, Inc. is requested to notify counsel for Plaintiff of the identity and position of employment of all designees and the topic(s) on which each person will testify no less than one week before the deposition.

## DEFINITIONS

1.      "Action" refers to the above-captioned case, *Gelt Trading, Ltd. v. Co-Diagnostics, Inc., et al.*, Case No. 2:20-cv-00368-JNP-DBP (D. Utah).

2.      "SEC" means and refers to the U.S. Securities and Exchange Commission.

3.      "All," "Any," and "Each" shall each be construed as encompassing any and all.

4.      "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.      "Class" means and refers to all persons and entities that purchased or otherwise acquired Co-Diagnostics, Inc. shares between April 30, 2020 and May 15, 2020, inclusive.

6.      The use of the singular form of any word includes the plural and vice versa.

7.      "You" or "Your" means the party responding to this request.

8.      "ESI" means electronically stored information.

9.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10.     "Co-Diagnostics" means Defendant Co-Diagnostics and its predecessors, successors, assigns, agents, direct and indirect subsidiaries and affiliates, direct and indirect shareholders, officers, directors, employees, owners, and any and all persons executing control over such entities.

11.    "Logix Smart Test" means Co-Diagnostics' Logix Smart Covid-19 diagnostic test or any Co-Diagnostics' diagnostic test created for the purpose of detecting COVID-19.

12.    "May 1, 2020 Press Release" means the press release issued by Co-Diagnostics on May 1, 2020, entitled ""Co-Diagnostics, Inc. Releases COVID-19 Test Performance Data: Consistently Demonstrates 100% Sensitivity and 100% Specificity Across Independent Evaluations," and any reports, documents, or data attached or supplied with that press release.

13.    "July 5, 2023 SEC Order" means the Securities and Exchange Commission order dated July 5, 2023 fining Co-Diagnostics $250,000 for issuing two misleading press releases and failing to disclose compensation paid by the company to the family members of executives.

14.    "Validation Study" means any validation or other study, report, data, or analysis concerning the accuracy, sensitivity, specificity, concordance, or limit of detection of the Logix Smart Test.

15.    "Complaint" refers to Second Amended Class Action Complaint (Proposed Class Action) (ECF No. 86) filed in this Action.

16.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

17.    "You" and "Defendants" refers to Co-Diagnostics, Inc., Dwight Egan, James Nelson, Eugene Durenard, Edward Murphy, Richard Serbin, Reed Benson, and Brent Satterfield.

18.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

19.    "Meeting" means the contemporaneous presence, whether in person or through any other means of Communication, of any natural persons, whether or not such presence was by

3

chance or prearranged and whether or not the meeting was formal, informal or occurred in connection with some other activity.

20.    "Person" means and refers to any natural person or legal entity, including without limitation, any business or governmental entity or association.

21.    "Plaintiff" refers to lead plaintiff Gelt Trading, LTD.

22.    "Referring to" means belonging to, relating to, or regarding.

23.    "Relating to" means regarding, relating to, referring to, in connection with, pertaining to, describing, reflecting, discussing, analyzing, summarizing, embodying, or constituting.

## INSTRUCTIONS

1.    The individual(s) designated shall testify as to matters known or reasonably available to Co-Diagnostics.

2.    Unless otherwise specified, the relevant date range for each topic is from January 1, 2020 to the present.

## TOPICS FOR 30(b)(6) DEPOSITION

1.    Any and all information relating to Co-Diagnostics' policies and procedures for labeling, managing, storing, archiving, and deleting the company's ESI.

2.    Any and all information relating to Co-Diagnostics' preservation efforts from the initiation of this Action to the present.

3.    Any and all information relating to Co-Diagnostics' efforts to gather and assemble responsive documents and data.

4.    Any and all information relating to the deletion of Dr. Garcia's files.

5.    Any and all information relating to the deletion of other responsive information.

4

6.      Any and all information relating to the SEC's investigation of Co-Diagnostics for issuing misleading press releases including but not limited to any and all information about the July 5, 2023 SEC Order.

7.      Any and all information relating to any policy, procedure, or protocol governing the issuance of science-related press releases.

8.      Any and all communications between Co-Diagnostics and any prospective customers who declined to purchase or use the Logix Smart Test based in part on its performance or accuracy.

9.      Any and all information relating to limit of detection issues with the Logix Smart Test.

10.      Any and all information relating to Co-Diagnostics' efforts to improve the limit of detection of the Logix Smart Test after the May 1, 2020 Press Release.

11.      Any and all information relating to any Validation Studies that were conducted prior to the May 1, 2020 Press Release.

12.      Any and all information relating to any Validation Studies that were conducted after the May 1, 2020 Press Release.

13.      Any and all information related to the drafting, execution, preparation, or issuance of the May 1, 2020 Press Release and/or data appended to the May 1, 2020 Press Release.

14.      Any and all information related to Co-Diagnostics' refusal to participate in joint Validation Studies including, but not limited to, a joint Validation Study conducted by the State of Utah.

5