IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company, <br><br> Plaintiff, <br><br> v. <br><br> CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, BRENT SATTERFIELD, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:20-cv-00368-JNP-DBP <br><br> District Judge Jill N. Parrish <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff Gelt Trading Ltd, moves the court to extend the fact discovery deadline by forty-five days so it can take a 30(b)(6) deposition of Defendant Co-Diagnostics.[1] Under the Local Rules the court concludes that oral argument is not necessary and, therefore, decides the Motion on the written memoranda.[2] Based upon the analysis set forth below, the court denies the Motion.

## BACKGROUND

This matter is a securities fraud class action against Defendants arising from alleged misrepresentations about a Covid-19 test and its accuracy. In February 2023 and June 2023, the court granted the parties' stipulated motions to amend the fact discovery and deposition deadlines. Under the operative scheduling order, August 18, 2023, is the fact discovery and

---

[1] ECF No. 155. This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A).

[2] *See* DUCivR 7-1(f).

deposition deadline.[3] Subsequently, an additional extension was entered that modified expert

reports and motions for summary judgment.[4] A trial date is not yet scheduled, and class

certification was recently decided on August 18, 2023.[5]

On August 28, 2023, after the fact discovery and deposition deadline passed, Gelt moved

the court to move the fact discovery deadline by forty-five days so it could take a 30(b)(6)

deposition of Defendant Co-Diagnostics.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for

good cause and with the judge's consent."[6] When a party makes a request to modify the schedule

after a deadline has expired, that request must also comply with Fed. R. Civ. P. 6(b)(1)(B), which

provides that "the court may, for good cause," extend a deadline after it has expired "if the party

failed to act because of excusable neglect."[7] Therefore, Plaintiff must show both good cause and

excusable neglect here.

If a party seeks an extension after the deadline has passed, the court may extend only

upon a showing of good cause and that the failure to act was due to excusable neglect.[8] The

"good cause" and "excusable neglect" standards are related. Specifically,

> [w]ithout attempting a rigid or all-encompassing definition of 'good
> cause' it would appear to require *at least as much* as would be
> required to show excusable neglect, as to which simple inadvertence
> or mistake of counsel or ignorance of the rules usually does not
> suffice, and some showing of 'good faith on the part of the party
> seeking the enlargement *and* some reasonable basis for

---

[3] ECF No. 150.

[4] ECF No. 153.

[5] ECF No. 154.

[6] Fed. R. Civ. P. 16(b)(4).

[7] Fed. R. Civ. P. 6(b)(1)(B).

[8] Fed. R. Civ. P. 6(b)(1)(B).

noncompliance within the time specified' is normally required.[9]

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"[10] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[11] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[12] It is within the court's discretion to determine whether the moving party has established good cause.[13]

## DISCUSSION

Plaintiff seeks to move the fact discovery deadline so it can take a 30(b)(6) deposition of Defendant Co-Diagnostics. Because the relevant discovery deadline has passed, Plaintiff must show both good cause and excusable neglect.[14] Since good cause requires a greater showing than excusable neglect, the court first considers whether Plaintiff establishes excusable neglect.[15]

### 1.     Excusable Neglect

To determine whether excusable neglect is shown, courts consider four factors. As set forth by this court previously in another decision,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was

---

[9] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *see also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir 1987).

[10] *Id.*

[11] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[12] *Id.* at 701 (quotations and citation omitted).

[13] *See Birch v. Polaris Industries Inc.,* 812 F.3d 1238, 1249 (10th Cir. 2015).

[14] Fed. R. Civ. P. 6(b)(1)(B), 16(b)(4). *PNHC, LLC v. N. Park Enterprises*, *LC*, No. 220cv788JNPJCB, 2022 WL 6161278, at *3 (D. Utah Oct. 7, 2022).

[15] *See id.*

within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[16]

"The Tenth Circuit has … held that the third factor—'fault in the delay'—is 'perhaps the most important single factor ...in determining whether neglect is excusable.'"[17] "'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[18]

Admittedly, many of the factors weigh in favor of finding excusable neglect. The prejudice imposed upon Defendant is minimal as it is one deposition. Granted there would be costs associated with that deposition, but given the fact that trial is not yet scheduled, it is a comparatively minimal burden. The length of the delay is also minimal as Gelt seeks only enough time to conduct the 30(b)(6) deposition. And, as to the fourth factor, there is no evidence that Plaintiff here has acted in bad faith.

Yet, consideration of the third factor by itself, undermines the establishment of excusable neglect. As noted above, the third factor is the most important factor in determining whether a movant has shown excusable neglect. Even an inadequate explanation, may, by itself, warrant rejecting a finding of excusable neglect.

Plaintiff's explanation for the delay centers on the decision to avoid a "costly 30(b)(6) deposition" because Gelt "did not want the company to waste thousands of dollars in fees and costs when those funds could be used to settle the matter."[19] In essence, Gelt waited to take Co-Diagnostics' 30(b)(6) deposition to minimize discovery costs while the parties actively pursued

---

[16] *PNHC, LLC*, 2022 WL 6161278, at *2 (D. Utah Oct. 7, 2022) (quoting *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (citations omitted)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[17] *Shifers*, 2018 WL 6620866, at *3 (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[18] *Id.* (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)).

[19] Mtn. p. 5.

mediation though mediation was unsuccessful. Gelt offers no explanation regarding why it did not, at a minimum, notice a 30(b)(6) deposition prior to the discovery deadline. Gelt learned of the potentially spoliated evidence on June 28, 2023, before the discovery deadline. Gelt could have noticed a 30(b)(6) deposition at this time and postponed it with Defendant if need be to save costs until completing the mediation. Noticing a deposition by itself it not costly. Gelt's practical reasons for avoiding potentially unnecessary discovery does not excuse its decision to ignore the fact discovery deadline. Rather, Plaintiff made a strategic decision to rely on success in mediation without seeking to preserve its ability to conduct further discovery if the mediation was unsuccessful. In a similar matter this court noted that the "hope of mediation is insufficient to establish excusable neglect."[20] There is no reason to diverge from that principle here.

Gelt fails to establish excusable neglect, which justifies denying its motion. Although Gelt fails to provide an adequate explanation for its delay, the court turns to consider the higher standard found in good cause as that provides an additional basis to deny the request.

### 2.    Good Cause

To demonstrate good cause, Gelt must "show the deadline [could not] 'be met despite [its] diligent efforts.'"[21] The focus on a good cause inquiry is on the diligence of the party seeking leave to modify the schedule.[22] Examples of good cause include where a movant learns new information "through discovery or if the underlying law has changed."[23]

---

[20] *PNHC, LLC.*, 2022 WL 6161278, at *3.

[21] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014)).

[22] *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) ("Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.").

[23] *Gorsuch, Ltd.*, 771 F.3d at 1240.

Gelt learned of the potentially spoliated evidence, which is asserts justifies the extension, before the deadline. Rather than acting, Gelt chose to disregard the fact discovery deadline in the hopes that mediation would be successful and that it would not have to conduct any further fact discovery. That does not comport with a finding of diligence. Further, the fact that Defendant agreed to move some deadlines to accommodate certain depositions while not agreeing to the 30(b)(6) deposition, does not excuse Gelt's lack of diligence. Therefore, Plaintiff fails to establish good cause, which further requires the denial of its motion.

## **ORDER**

Based upon the foregoing, Gelt fails to establish excusable neglect and good cause in support of its motion to extend fact discovery. The court therefore denies the motion.

IT IS SO ORDERED.

DATED this 12 October 2023.

_____
Dustin B. Pead
United States Magistrate Judge