# EXHIBIT 39

**UNITED STATES OF AMERICA**
**Before the**
**SECURITIES AND EXCHANGE COMMISSION**

**SECURITIES EXCHANGE ACT OF 1934**
**Release No. 97835 / July 5, 2023**

**ACCOUNTING AND AUDITING ENFORCEMENT**
**Release No. 4427 / July 5, 2023**

**ADMINISTRATIVE PROCEEDING**
**File No. 3-21513**

| | |
|---|---|
| **In the Matter of**<br><br>**REED L. BENSON, CPA**<br><br>**Respondent.** | **ORDER INSTITUTING CEASE-AND-DESIST PROCEEDINGS PURSUANT TO SECTION 21C OF THE SECURITIES EXCHANGE ACT OF 1934, MAKING FINDINGS, AND IMPOSING A CEASE-AND-DESIST ORDER** |

**I.**

The Securities and Exchange Commission ("Commission") deems it appropriate that cease-and-desist proceedings be, and hereby are, instituted pursuant to Section 21C of the Securities Exchange Act of 1934 ("Exchange Act"), against Reed L. Benson ("Benson" or "Respondent").

**II.**

In anticipation of the institution of these proceedings, Respondent has submitted an Offer of Settlement (the "Offer") which the Commission has determined to accept. Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings herein, except as to the Commission's jurisdiction over him and the subject matter of these proceedings, which are admitted, and except as provided herein in Section V, Respondent consents to the entry of this Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order ("Order"), as set forth below.

**III.**

On the basis of this Order and Respondent's Offer, the Commission finds[1] that:

---

[1] The findings herein are made pursuant to Respondent's Offer of Settlement and are not binding on any other person or entity in this or any other proceeding.

## SUMMARY

1.      These proceedings concern reporting and disclosure control failures by Co-Diagnostics, Inc. ("Co-Diagnostics").  Co-Diagnostics failed to disclose related party transactions involving the family members of the company's Chief Executive Officer ("CEO") and Benson, Co-Diagnostics's then-Chief Financial Officer ("CFO"), Secretary, and General Counsel, in its annual reports for the fiscal years ended December 31, 2018, 2019, and 2020 and in its definitive proxy statements filed in 2019, 2020, and 2021.  Benson signed the company's annual reports for the fiscal years ended December 31, 2018, and December 31, 2019.

2.      Co-Diagnostics also failed to keep accurate books and records and failed to have disclosure controls and procedures designed to ensure the company disclosed related party transactions as required.  Benson, along with Co-Diagnostics's CEO, was responsible for establishing and maintaining Co-Diagnostics's relevant disclosure controls and procedures.

3.      Based on this conduct, and as described in further detail below, Benson violated Rule 13a-14 of the Exchange Act and caused Co-Diagnostics's violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act and Rules 12b-20 and 13a-1 thereunder.

## RESPONDENT

4.      **Benson**, age 76, is a resident of Sandy, Utah.  Benson was the CFO of Co-Diagnostics from 2014 to February 2021, its Secretary from 2014 to August 2021, and its General Counsel from April 2013 to September 2021.  Benson was also a director of Co-Diagnostics from 2014 to 2017.  Benson is an Inactive Emeritus Attorney in Utah and has an inactive CPA license.

## OTHER RELEVANT ENTITY AND INDIVIDUAL

5.      **Co-Diagnostics**, a Utah company with its principal executive offices in Salt Lake City, Utah, develops, manufactures, and sells reagents used for diagnostic tests, as well as polymerase chain reaction ("PCR") test kits used for diagnostic and research purposes.  Co-Diagnostics's common stock is registered under Section 12(b) of the Exchange Act and trades on the Nasdaq under the ticker "CODX."

6.      **Dwight H. Egan ("Egan")**, age 69, is a resident of Sandy, Utah.  Egan has been the CEO of Co-Diagnostics, as well as the Chairman of its Board, since 2013.

## FACTS

7.      Item 404(a) of Regulation S-K requires an issuer to disclose "any transaction . . . in which any related person had or will have a direct or indirect material interest."  The instructions to Item 404(a) define related person to include any immediate family member of a director or executive officer of the issuer, including children.  Under Item 404(d), Co-Diagnostics, which made filings as a "smaller reporting company" in fiscal years 2018 through 2020, was required to

2

disclose any transaction exceeding "the lesser of $120,000 or one percent of the average of the . . . company's total assets at year end for the last two completed fiscal years."

8.      The relevant related-person reporting thresholds for Co-Diagnostics were $29,791 for fiscal year 2018, $31,077 for fiscal year 2019, and $18,842 for fiscal year 2020.

9.      During this time, Co-Diagnostics employed Egan's son as the Director of Sales and Marketing.  Egan's son was paid compensation totaling $91,352 in fiscal year 2018, $224,900 in fiscal year 2019, and $1,113,440 in fiscal year 2020.

10.     Also during this time, Co-Diagnostics employed Benson's son as the Head of Corporate Communications and Investor Relations.  Benson's son was paid compensation totaling $327,820 in fiscal year 2018, $218,959 in fiscal year 2019, and $1,109,303 in fiscal year 2020.  In addition, Co-Diagnostics retained the services of the consulting company that Benson's son co-owned and paid that company $60,000 in fiscal year 2018, $78,500 in fiscal year 2019, and $20,000 in fiscal year 2020.  Co-Diagnostics also issued 7,000 shares of Co-Diagnostics stock to the consulting company in fiscal year 2020.

11.     These payments to Egan's son and to Benson's son constituted reportable transactions under Item 404 of Regulation S-K.  They were not recorded in Co-Diagnostics's books and records as related party transactions, and Co-Diagnostics failed to disclose them in its annual reports on Form 10-K for the fiscal years ended December 31, 2018, 2019, and 2020 or in its definitive proxy statements filed in 2019, 2020, and 2021.

12.     Benson signed the company's annual reports on Form 10-K for fiscal years ended December 31, 2018, and December 31, 2019.

13.     Sarbanes-Oxley Section 302 provides that the Commission shall, by rule, require the principal executive officer and the principal financial officer of companies filing periodic reports under Section 13(a) of the Exchange Act to make certain certifications in each annual or quarterly report.  To implement Section 302, the Commission promulgated Exchange Act Rule 13a-14, which provides that an issuer's annual and quarterly reports shall include certain certifications signed by the principal executive and principal financial officer of the issuer.

14.     Benson, as Co-Diagnostics's principal financial officer, was required to certify, among other things, that he was responsible for establishing and maintaining disclosure controls and procedures, and that he had designed such disclosure controls and procedures to ensure that material information relating to the registrant is made known to the certifying officers, particularly during the period in which the periodic report is being prepared.  Benson executed such certifications for the quarters and years from the first quarter of 2018 through the second quarter of 2020.  These certifications were inaccurate.

15.     During this time, Co-Diagnostics did not have any policies or procedures concerning related party transactions, including what constitutes a related party transaction or how such transactions should be disclosed by the company.  Co-Diagnostics did not identify related party transactions in its books and records.  Although he was responsible for establishing and

3

maintaining Co-Diagnostics's disclosure controls and procedures, Benson did not adequately familiarize himself with the disclosure rules regarding related party transactions sufficient to ensure that Co-Diagnostics met its disclosure obligations regarding such transactions in its filings with the Commission.

### Violations

16.     As a result of the conduct described above, Benson violated Rule 13a-14 of the Exchange Act and caused Co-Diagnostics's violations of Section 13(a) and 13(b)(2)(A) of the Exchange Act and Rules 13a-1 and 12b-20 thereunder.

### IV.

In view of the foregoing, the Commission deems it appropriate to impose the sanctions agreed to in Respondent Benson's Offer.

Accordingly, it is hereby ORDERED that:

A.     Pursuant to Section 21C of the Exchange Act, Respondent Benson cease and desist from committing or causing any violations and any future violations of Sections 13(a) and 13(b)(2)(A) of the Exchange Act and Rules 13a-1, 12b-20, and 13a-14 thereunder.

B.     Respondent shall, within 30 days of the entry of this Order, pay a civil money penalty in the amount of $40,000 to the Securities and Exchange Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3).  If timely payment is not made, additional interest shall accrue pursuant to 31 U.S.C. § 3717.

Payment must be made in one of the following ways:

      (1)     Respondent may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

      (2)     Respondent may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

      (3)     Respondent may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying Benson as a Respondent in these proceedings, and the file number of these proceedings; a copy of the cover letter and check or money order must be sent to Steven G. Rawlings, Assistant Regional Director, Division of Enforcement, New York Regional Office, Securities and Exchange Commission, 100 Pearl St., Suite 20-100, New York, NY 10004-2616.

C.      Amounts ordered to be paid as civil money penalties pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Respondent agrees that in any Related Investor Action, he shall not argue that he is entitled to, nor shall he benefit by, offset or reduction of any award of compensatory damages by the amount of any part of Respondent's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Respondent agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Securities and Exchange Commission. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this proceeding. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Respondent by or on behalf of one or more investors based on substantially the same facts as alleged in the Order instituted by the Commission in this proceeding.

## V.

It is further Ordered that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the findings in this Order are true and admitted by Respondent, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Respondent under this Order or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Respondent of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

By the Commission.

Vanessa A. Countryman
Secretary

5