Douglas W. Greene (*Pro Hac Vice*)
Genevieve G. York-Erwin (*Pro Hac Vice*)
Zachary R. Taylor (*Pro Hac Vice*)
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: (212) 589-4200
dgreene@bakerlaw.com
gyorkerwin@bakerlaw.com
ztaylor@bakerlaw.com

Robert Wing (4445)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
rwing@parrbrown.com

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company, <br><br> Plaintiff, <br><br> v. <br><br> CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, BRENT SATTERFIELD, <br><br> Defendants. | **DEFENDANTS' OPPOSITION TO CLASS PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE IN ORDER TO SET A TRIAL DATE** <br><br> Case No. 2:20-cv-00368-JNP-DBP <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Dustin B. Pead |

Defendants Co-Diagnostics, Inc., Dwight Egan, James Nelson, Eugene Durenard, Edward Murphy, Richard Serbin, Reed Benson, and Brent Satterfield ("Defendants"), by and through their undersigned counsel, hereby submit this Opposition to Class Plaintiff's Motion for Scheduling Conference in Order to Set Trial Date, filed November 12, 2024 (Dkt. #194; the "Motion").

As the Court knows, this case has been actively litigated for several years: hundreds of thousands of pages of documents have been produced, thirteen fact depositions were taken, and the parties exchanged reports and took testimony from five different proffered experts on several economic and scientific issues—all culminating this past summer in the parties' pending cross-motions for summary judgment and to exclude certain expert testimony. Notwithstanding this considerable investment of party and judicial resources, Plaintiff's Motion now seeks to circumvent the summary judgment process, pushing the Court to hold a scheduling conference and set a date for a trial that might never be necessary.

Respectfully, the Court should reject this overreaching request. As the Supreme Court has noted, summary judgment serves a crucial role in our civil judicial system:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed. Rule Civ. Proc. 1; *see* Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 467 (1984). . . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Plaintiff's Motion seeks to short-circuit this process out of purported concern for Co-Diagnostics' financial health, but that is not a sufficient

reason to rush the Court's decision on these important dispositive motions or force the parties prematurely to prepare for a trial that may never take place. *Cf. Sanderson v. Winner*, 507 F.2d 477, 479 (10th Cir. 1974) ("Ordinarily courts do not inquire into the financial responsibility of litigants. We generally eschew the question whether litigants are rich or poor. Instead, we address ourselves to the merits of the litigation."); *Sierrapine v. Refiner Prod. Mfg., Inc.*, 275 F.R.D. 604, 609 (E.D. Cal. 2011) (denying discovery regarding "defendants' financial condition or ability to satisfy a judgment" because it is not relevant to the litigation; collecting cases).

Defendants' Motion for Summary Judgment articulates five distinct, well-founded bases for dismissing all of Plaintiff's claims: specifically, Defendants have explained how the undisputed, material facts demonstrate that:

(1) the challenged statements in the May 1 Press Release about the LogixSmart COVID-19 test's performance were not materially false or misleading in context;

(2) the Defendants genuinely believed the challenged statements at the time and did not make them with scienter;

(3) the challenged statements did not in fact cause Co-Diagnostics' stock price to be artificially inflated, therefore Lead Plaintiff cannot rely on the *Basic* presumption of reliance and cannot prove that it individually relied on the challenged statements;

(4) none of the allegedly "corrective" disclosures corrected any statement in the May 1 Press Release or caused a statistically significant stock-price decline, therefore Plaintiff cannot prove loss causation; and

(5) Lead Plaintiff was not actually damaged by the purported fraud, as it sold its shares before any statistically significant decline in the stock price, and therefore it cannot prove its own damages and lacks standing to represent the class.

*See* Defs' MSJ (Dkt. #169); Defs' Reply iso MSJ (Dkt. #182, 185); *see also* Defs' Opposition to Pl's Partial Mot. for Summary Judgment (Dkt. #176). Each of these five failures of proof is independently dispositive of Plaintiff's claims and requires dismissal of the case in its entirety, without putting the parties or the Court to the trouble and expense of preparing for trial. Yet

Plaintiff asks this Court to set a trial date in the next six months anyway, before deciding these critically important motions, based on Plaintiff's speculation that Co-Diagnostics could potentially deplete its cash reserves before Plaintiff could recover any damages it might theoretically be awarded at trial. Even taking this purported concern at face value, it is not a valid reason for rushing the Court's decision or setting an early trial date. Defendants have good reason to believe these meritless claims will not survive summary judgment or trial and that Plaintiff will never be entitled to recover any damages. Any marginal potential interest Plaintiff might have in moving a hypothetical trial forward a few months is outweighed by the strong countervailing interests in ensuring (i) that this Court takes as much time as it needs to carefully weigh and decide the issues in the parties' summary judgment papers, (ii) that the parties are not put to significant expense unnecessarily preparing for a *potential* trial, and (iii) that the parties have sufficient time to properly prepare for any trial that might take place. The parties have invested significant resources in framing out the dispositive motions pending before the Court, and Rule 56 contemplates that the Court should take whatever time it needs to decide these important legal issues before forcing the parties (or the Court) to expend further resources preparing for trial.

Plaintiff should not be allowed to make an end-run around summary judgment simply because it now has concerns about its ability to recover, several years down the road, from the small company it chose to sue. Defendants respectfully urge the Court to deny Plaintiff's Motion.

Dated: November 21, 2024

**BAKER & HOSTETLER LLP**

By:   */s/ Douglas W. Greene*

Douglas W. Greene (*Pro Hac Vie*)
Genevieve G. York-Erwin (*Pro Hac Vice*)
Zachary R. Taylor (*Pro Hac Vice*)
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: 212-589-4200
dgreene@bakerlaw.com
gyorkerwin@bakerlaw.com
ztaylor@bakerlaw.com


Robert Wing (4445)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
rwing@parrbrown.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of November, 2024, a copy of the foregoing **DEFENDANTS' OPPOSITION TO CLASS PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE IN ORDER TO SET TRIAL DATE** was served electronically upon opposing counsel.

*/s/ Douglas W. Greene*
Douglas W. Greene