Douglas W. Greene (*Pro Hac Vice*)
Genevieve G. York-Erwin (*Pro Hac Vice*)
Zachary R. Taylor (*Pro Hac Vice*)
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: (212) 589-4200
dgreene@bakerlaw.com
gyorkerwin@bakerlaw.com
ztaylor@bakerlaw.com


Andrew V. Collins (11544)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
acollins@parrbrown.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GELT TRADING, LTD., a Cayman Islands limited company,<br><br><br>Plaintiff,<br><br>v.<br><br>CO-DIAGNOSTICS, INC., a Utah Corporation, DWIGHT EGAN, JAMES NELSON, EUGENE DURENARD, EDWARD MURPHY, RICHARD SERBIN, REED BENSON, BRENT SATTERFIELD,<br><br><br>Defendants. | **RESPONSE TO CLASS PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY FOLLOWING SUMMARY JUDGMENT AND *DAUBERT* HEARING**<br><br>Case No. 2:20-cv-00368-JNP-DBP<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

Defendants respectfully submit that Plaintiff's Notice of Supplemental Authority ("Notice"; ECF 207) does not offer any new or "significant" authority warranting supplemental consideration, and in any case fails to address the issues raised during oral argument on the Parties' cross-motions for summary judgment and *Daubert* motions, including Defendants' Motion to Exclude the Testimony of Daniel S. Bettencourt ("Motion to Exclude"; ECF 173).

"[T]he purpose of supplemental authority is to advise the court of 'new authorities' a party has learned of after oral argument, not to interject a long available but previously unmentioned issue for decision." *Utah Physicians for a Healthy Env't, Inc. v. Harley-Davidson of Salt Lake City, LLC*, 2024 WL 3276844, at *14 n.176 (D. Utah July 1, 2024); *Kane Cnty. (II), Utah v. United States*, 2020 WL 5016890, at *2 (D. Utah Aug. 24, 2020) (similar). None of the cases attached to Plaintiff's Notice are "new." *See* Notice at 2 (citing cases from 2011 to 2022). Nor are any of the cases "authority" in this Circuit, much less "significant" authority. *Id.* (citing out-of-circuit district court decisions); *Brianna S. v. United Healthcare*, 2021 WL 308231, at *1 n.9 (D. Utah Jan. 29, 2021) ("[A] non-binding case from another district" offered in notice of supplemental authority had "no bearing on the central, dispositive issues of this case"); *Hill v. Bina*, 2024 WL 5381424, at *7 (D. Colo. Oct. 10, 2024) (disregarding "out-of-circuit cases" presented in notice of supplemental authority).

Plaintiff's Notice also misses the point. Not only did Mr. Bettencourt fail to disaggregate the alleged fraud and alleged non-fraud related causes of Co-Diagnostics' stock price drop on May 15, he did not even consider obvious, key market evidence on this issue—three market analyst reports on May 14-15, 2020 that explicitly attributed the stock price decline to the earnings announcement—when he determined that the Q1 2020 earnings announcement had no effect on

Co-Diagnostics' stock price.[1] *See* Motion to Exclude at 9-10; Reply in Support of Motion to Exclude (ECF 184) at 8-9. That Mr. Bettencourt failed to consider this key market evidence in attributing all of the May 15 stock price drop to the alleged corrective disclosures renders his testimony unreliable. *See, e.g.*, *Conroy v. Vilsack*, 707 F.3d 1163, 1170 (10th Cir. 2013) (affirming exclusion of expert testimony because it "could not possibly have rested on a reliable foundation" where the expert was "oblivious to [] key facts"); *United States v. 6.48 Acres of Land*, 2007 WL 2221067, at *3 (D. Utah Aug. 1, 2007) (excluding expert testimony where experts "ignored the evidence"); *Barber v. United Airlines, Inc.*, 17 F. App'x 433, 437 (7th Cir. 2001) (affirming exclusion where expert "cherry-picked the facts he considered to render an expert opinion"; "selective use of facts fails to satisfy the scientific method and *Daubert*").

Defendants respectfully submit that Plaintiff's Supplemental Authorities do not add anything new or significant on this issue, and that Mr. Bettencourt's testimony must be excluded for all the reasons previously articulated.

Dated: February 27, 2025          **BAKER & HOSTETLER LLP**

By:    */s/ Douglas W. Greene*
Douglas W. Greene (*Pro Hac Vice*)
Genevieve G. York-Erwin (*Pro Hac Vice*)
Zachary R. Taylor (*Pro Hac Vice*)
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: 212-589-4200
dgreene@bakerlaw.com

---

[1] As noted during the oral argument on the Motion to Exclude, none of the three market analyst reports is included in the "Documents and Other Information Considered" listed in Exhibit 1 to Mr. Bettencourt's December 4, 2023 Report, nor does Mr. Bettencourt acknowledge or address them anywhere in his Report.

gyorkerwin@bakerlaw.com
ztaylor@bakerlaw.com


Andrew Collins (11544)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Phone: (801) 532-7840
acollins@parrbrown.com

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of February, 2025, a copy of the foregoing **RESPONSE TO CLASS PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY FOLLOWING SUMMARY JUDGMENT AND *DAUBERT* HEARING** was served electronically upon opposing counsel.

/s/ Douglas W. Greene
Douglas W. Greene

4